No. 3932

Second Circuit

---

SOADY BUILDING CO., LTD., v. COLLINS ET AL.
(AMERICAN NATIONAL BANK, Intervener)

---

(November 18, 1931.  Opinion and Decree.)
(December 9, 1931.  Rehearing Refused.)
(January 4, 1932.  Writ of Certiorari and Review Refused by Supreme Court.)

---

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendants, intervener, appellee.

DREW, J.  Plaintiff sued for $2,100, alleging that it had leased to the defendants a certain building on Market street in the city of Shreveport to be used as a hotel, as shown by the written lease contract attached to the petition; and that defendants were in arrears with the rent to the amount of $2,100.  It further alleged that it·had a lessor's lien and privilege on the fixtures and furniture in said building; prayed for a writ of provisional seizure, and for judgment recognizing its lessor's lien and privilege.

Defendants answered admitting the lease, as alleged, denied they owed the full amount sued for, and alleged that they were only indebted unto plaintiff in the sum of $1,467.88, which they admit.  The American National Bank intervened in the suit, alleging that defendants were indebted unto it in the sum of $3,100, as evidenced by note and chattel mortgage against the fixtures and furniture located in said building leased from plaintiff by defendants; that its chattel mortgage was executed and recorded prior to the time the lease contract was executed between plaintiff and defendants, and therefore its chattel mortgage primed the lien held by plaintiff as lessor.  It prayed for judgment in the amount of its chattel mortgage note and that after a sale of the fixtures and furnishings of said building

without appraisement, in conformity with the stipulations of the chattel mortgage, that it be paid by preference and priority over all other creditors, including the lessor.

Plaintiff, in answer to the intervention, denied that the chattel mortgage primed the lessor's claim, and alleged that the lease and mortgage were prepared at the same time, and that a lessor's lien is superior to the lien of the chattel mortgage. In the alternative, it alleged that should the court hold that the chattel mortgage was superior to the lessor's lien, by virtue of having been executed and recorded before the execution of the lease, then and in that event that the court should hold that the intervener conspired with the defendants, without the knowledge or consent of plaintiff, to deprive it of its superior lien and privilege. That intervener's action amounted to a tort, and plaintiff should recover from intervener the amount of damage caused thereby, which it alleges to be the amount of rent due, to-wit, $2,100.

After trial in the lower court, there was judgment for plaintiff against defendants in the amount of $1,971.52, with five per cent per annum interest thereon from judicial demand until paid, maintaining the provisional seizure of the fixtures and furniture, and recognizing plaintiff's lessor's lien and privilege thereon, subject, however, to the rights of intervener; also judgment for intervener in the sum of $750, with interest at the rate of eight per cent per annum from August 1, 1925, until paid, and ten per cent attorney's fees on principal and interest, recognizing the lien and privilege under its chattel mortgage; ordering the property seized to be sold according to law, and that intervener be paid out of the proceeds of said sale the amount of $750, with interest and

attorney's fees; the balance, if any, to be paid to plaintiff.

The judgment is silent as to the alternative plea of plaintiff for damages for the alleged tort of intervener. Plaintiff appealed only from that part of the judgment which sustained intervener's claim. Defendants have not appealed, neither has intervener appealed nor answered the appeal. Therefore, the only question before this court is the rank of the lessor's judgment for $1,971.52, and the judgment of intervener for $750. The evidence offered on trial of the case clearly shows that the chattel mortgage was executed by defendants to intervener, and placed of record prior to the execution of the lease from plaintiff to defendants. The lower judge so held, and we think his finding is correct.

Intervener would not loan defendants the money represented by the chattel mortgage until its attorney had cleared the record of all judgments, and until the taxes were paid and the old lease to McGinty canceled, and then did not advance him the money until the mortgage was recorded and a copy furnished it. All of this was done before the actual purchase of the property set out in said mortgage. The money represented on said chattel mortgage was used by defendants to purchase the fixtures and furniture later on in the same day. The fact that the property mortgaged was not owned by defendants at the time they executed the mortgage is of no moment, as the mortgage attached as soon as the property was acquired. The sole purpose of executing the mortgage was to acquire money to pay for the fixtures and furnishings, the price of which had been agreed on by the then owner of the property. The law is well settled that, if the chattel mortgage is executed and

recorded prior to the execution of the lease, the mortgage will be held to be a superior lien to the lessor's lien.

Plaintiff further urges that the mortgage is null and void for want of sufficient description of the property. This contention is not well founded. The property is described as so many chairs, so many heaters, etc., all located in the Boise Hotel, 619½ Market street, Shreveport, La., and there is no dispute that the property described in the mortgage is not the property, the identical property, seized by plaintiff. It is not shown that the property could have been described in any other way, and we think the description is sufficient. We find no error in the judgment of the lower court.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed; all costs of appeal to be paid by plaintiff.