**REMINGTON–RAND, Inc., v. PROFITS IS-
LAND GRAVEL CO., Inc. (WITTER,
Intervener).**

No. 1069.

Court of Appeal of Louisiana. First Circuit.

Dec. 6, 1932.

Warren O. Watson, of Baton Rouge, for appellant.

Joseph A. Loret, of Baton Rouge, for intervener.

ELLIOTT, J.

Remington-Rand Business Service, Inc., instituted executory process against Profits Island Gravel Company, Inc., on 12 mortgage notes executed and signed by the said defendant, each bearing date March 25, 1931; each made payable to the order of, and indorsed by, Profits Island Gravel Company, Inc. The aggregate amount due on all the notes is $2,125.37.

The notes are claimed by plaintiff to be secured by an authentic act of mortgage on the movable property seized in the proceedings.

The plaintiff prays that the mortgaged property be sold and that it be paid out of the proceeds in the rank proper to its mortgage and by preference and priority over all other persons whomsoever.

The property was advertised for sale and upon which Wm. P. Connell, alleging himself to be a judgment creditor of the Profits Island Gravel Company, Inc., in the sum of $525 on account of rent due for the building in which the property was situated, intervened in the suit and opposed the demands of Remington-Rand Business Service, Inc. He alleges that he has a lessor's privilege on the property in the amount stated on account of unpaid rent; that his privilege as lessor is superior in rank to any mortgage which the said Remington-Rand Business Service, Inc., may have as a result of the mortgage which they sued on to foreclose. Connell in his petition of intervention and third opposition attacks the mortgage claimed by plaintiff on the ground that the description of the property in the act of mortgage which the plaintiff sets up is not sufficient to identify it; that defendant was not the owner of the property at the time the mortgage was granted and recorded; that Remington-Rand Business Service, Inc., had a large stock of articles of the character described; that it was the intention of the plaintiff and defendant that, after the mortgage was granted, the plaintiff would thereafter select articles from its stock and deliver same to defendant; that plaintiff had not selected nor delivered said articles, except the filing cabinet, at the time the act was passed; that each of said articles has on it an identifying number necessary to its identification; that said number is not stated in the act of mortgage and said number not being stated in the mortgage, the articles claimed to have been sold to defendant cannot be identified as the property mortgaged; that said property is worth $525. He alleges that the act of mortgage is null and void on said account, prays that it be so decreed, and that the proceeds of the property be ordered paid to him by preference and priority over said Remington-Rand Business Service, Inc.

The plaintiff, Remington-Rand, Inc., in answer to said intervention and third opposition, sets up the validity of its mortgage and asserts its superior right under same to the proceeds of the property in question by preference and priority over intervener and third opponent.

While the case was pending in the lower court, plaintiff changed its name from Remington-Rand Business Service, Inc., to Remington-Rand Co., Inc., and Wm. P. Connell departed this life during the same time, and his widow Mrs. Eleanor Connell Witter was appointed administratrix of his estate and

substituted as intervener and third opponent in his place.

There was judgment in the lower court in favor of intervener and third opponent. Remington-Rand Company, Inc., has appealed.

The act of mortgage is in due form and was recorded in the chattel mortgage book as the law directs, before the property was placed in the leased premises. Therefore, unless the act of mortgage is null and void on some of the grounds alleged against it, the judgment appealed from is erroneous.

■ The book case mentioned in the act of mortgage was afterwards exchanged for the book case now in defendant's office. Therefore the book case now in defendant's office is not covered by the mortgage and is subject to the lessor's privilege claimed by intervener and third opponent.

The testimony of plaintiff's local agent is to the effect, the act of mortgage recites that the articles in question were all sold to the defendant by the plaintiff, acting through its local agent by means of a written order signed by defendant and accepted by plaintiff's local agent in Baton Rouge, but the acceptance was subject to the approval of plaintiff at its domicile in another state and no delivery was to be made to defendant until the mortgage had been granted thereon and recorded here as the law directs.

■ A part of the articles were in Baton Rouge at the time the act of mortgage was executed, but other articles, part of plaintiff's general stock had not been taken out of its stock located in other states. The articles not in Baton Rouge at the time the mortgage was executed and recorded were to be shipped to defendant from points in other states as soon as the act of mortgage was granted and recorded. The sale had been previously agreed to between the parties in the way stated, subject to the execution and recordation of the mortgage.

A contract of sale is valid between the parties even though the property has not been delivered. Civ. Code, arts. 2450, 2456.

If a person contracting an obligation towards another grants a mortgage on property of which he is not then the owner, this mortgage shall be valid if the debtor should ever after acquire the ownership of the property, by whatever right. Civ. Code, art. 3304.

In this matter, Profits Island Gravel Company, Inc., defendant, was the owner of the property in so far as concerned the plaintiff and itself, as soon as its order was accepted, therefore the subsequent mortgage was valid between the parties as soon as it was executed and it was valid against intervener and third opponent as soon as it was recorded.

Soady Building Co., Ltd. v. Collins et al. (American National Bank, Intervener), 18 La. App. 164, 137 So. 631, 632, is a case in which the very question urged by intervener was considered and acted on and the decision sustained the validity of the mortgage.

The case cited is in harmony with our views on the subject. The grounds of attack on the mortgage in question are unavailing and are therefore overruled and rejected.

■■ Another ground of attack is that the articles are not fully described in the act of mortgage; that the description is not sufficient to identify the property, due to the fact that the property constitutes a class of property which can only be identified by an identifying number which each article bears placed there by the manufacturer.

This identifying number or mark is not mentioned in the mortgage and intervener and third opponent claims that being a third person no description is sufficient to identify these various articles for the purpose of a mortgage, and as against a third person, which does not identify them by the number or mark placed on them for the purpose. Citing Consolidated Companies v. Laws (McCray Refrigerator Sales Co., Intervener), 11 La. App. 676, 124 So. 775, and Valley Securities Co., Inc., v. De Roussel (Home Finance Service and George W. Gill, Interveners), 16 La. App. 115, 133 So. 405.

The governing provision of the law on the subject is section 2 of Act No. 198 of 1918, which reads as follows: "That every such mortgage * * * shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified." The amendment Act No. 189 of 1932 is not noticed because the act of mortgage in question was passed and recorded in 1931.

It is thus seen by reference to the law on the subject that no particular form or method of description is required; it is sufficient if it is full and identifies the property. Section 4 of the act provides: "That every mortgage shall be a lien on the property mortgaged from the time same is filed for recordation, which filing shall be notice to all parties of the existence of such mortgage, and said lien shall be superior in rank to any privilege or lien arising subsequently thereto."

In Consolidated Companies, Inc., v. Laws (McCray Refrigerator Sales Co., Intervener), the property mortgaged was a single article, a refrigerator, of which there are thousands of the same kind sold, many in the same locality. We do not mean to say that a refrigerator cannot be otherwise fully described, sufficient to identify it, but in the case cited the court held that the identifying mark was necessary to the validity of the mortgage; that the description in that act of mortgage was not sufficient without it. In Valley Securities Co., Inc., v. De Roussel

(Home Finance Service and George W. Gill, Interveners), the property mortgaged was also a single article, a motor truck.

The mortgage in favor of the plaintiff Valley Securities Company, Inc., contained the correct motor and serial number, but the acts set up by Home Finance Service, Inc., and George W. Gill stated the motor and serial number incorrectly and it was erroneous and did not identify the property as that covered by the mortgage set up by the plaintiff.

We do not mean to say that a truck cannot be otherwise described than by reference to the motor and serial number, but there are thousands of the same kind and make sold, and often several may be found in the same locality. A truck of the kind can be carried from place to place and from state to state. The motor and serial number of a motor truck is the surest method of identifying it in an act of mortgage.

In this case the property constituted an assortment of articles, office furniture, fixtures, and equipment, the description of which is long and intricate.

It is not claimed that the description is incorrect, the attack is that it does not identify the property with any certainty as against other property of the same class; that the description in the act of mortgage is not sufficient as against a third party. As soon as the act of mortgage was passed and recorded, the articles in question were delivered as a whole to defendant and placed in its office in the leased building, remaining intact and together as a collective unit in the same office ever since, the book case excepted. The act of mortgage recites that the furniture, fixtures, and equipment is located in the two-story brick building at the southwest corner of Lafayette and Laurel streets, which taken together with the balance of the description, which due to its length and intricacy we do not copy, except in our decree, is full and identifies the property called for by the act of mortgage.

We copy from the case Soady Building Co., Ltd. v. Collins (American National Bank, Intervenor), heretofore cited as follows: "The property is described as so many chairs, so many heaters, etc., all located in the Boise Hotel, 619½ Market street, Shreveport, La., and there is no dispute that the property described in the mortgage is not the property, the identical property seized by plaintiff."

The judgment of the lower court holds that the mortgage is invalid and rejects the demand of the plaintiff. The judgment is erroneous and will therefore be annulled and set aside. The demand of intervener and third opponent will be refused and rejected and judgment rendered in favor of the plaintiff as prayed for.

For these reasons the judgment appealed from is annulled, avoided, and set aside and it is now decreed that there be judgment in favor of the plaintiff, Remington-Rand, Inc., the name of Remington-Rand Business Service, Inc., having been changed thereto, and against Mrs. Eleanor Connell Witter in her capacity as administratrix of the succession of Wm. P. Connell, intervener and third opponent, recognizing and enforcing the mortgage granted by Profits Island Gravel Company, Inc., to Remington-Rand Business Service, Inc., by authentic act bearing date March 25, 1931, and recorded March 26, 1931, in the chattel mortgage records of the parish of East Baton Rouge upon the property described as follows:

The furniture, fixtures, and equipment located in the two-story brick building at the southwest corner of Lafayette and Laurel streets in the city of Baton Rouge, La., to wit: 1,000 7"x11" quintuplicate invoice forms; 2,500 7"x8½" receipt forms; 100 A 85 C Cash journal leaves; 1 A–103 Binder; 2 A–51 Post leaves; 3 A–51 Post leaves; 3 LB 3313 legal; 1 LB 334 square crown (oak finish); 1 LB 339 square leg base (oak finish); 1 LB 4500-7 W Settee, 4 feet long; 1 LB 12570 Costumer (oak); 1 LB 2220 steel waste basket; 1 LB 25972 table (oak); 1 LB 25460 roll top desk (oak); 1 LB 41982X swivel chair (oak); 1 LB 25560 flat top desk; 1 LB 4i504W swivel chair; 1 LB 25860 pedestal typewriter desk; 1 LB 97000 Sitwell chair; 1,500 11"x11" Ledger leaves; 1,000 11"x14" Ledger leaves; 1,000 sheets 14"x17" plain paper; 1 RA 25D Remington Bookkeeping machine, equipped with electric carriage return; 3 7F Active totalizers; 4 7F Dummy totalizers; 1 No. 20–7F Cross totalizer; 1 No. 30–7F Cross totalizer; 1 R–7334–2 Accounting machine stand; 1 No. 97000 Sitwell chair; 1 No. 381–4 Dalton adding machine, equipped with motor and stand; 1 SC38157 safe ledger tray; 1 set of LB 6084–40 Alphabetical guides; 1 set of LB 508–40 miscellaneous folders; 200 LB 5018–R reinforced folders; 1 LB 22920 wide olive green cupboard, without door; 1 LB 1818, 2 labels; 1 set VC–A to Z division guides; 20 VA blank guides; 2 LB 22013 filing cabinets (olive green); 1 LB 22901 cupboard with door (olive green); 2 LB plain shelves; 1 LB 22904 gate, olive green; and 2 LB plain shelves.

It is further ordered and decreed that the said executory proceedings herein instituted by the plaintiff to have said property sold to pay the amount due it may be proceeded with at the instance of the plaintiff and that the sheriff pay the proceeds of the sale after deducting the cost to the plaintiff Remington-Rand Co., Inc., by preference and priority over Mrs. Eleanor Connell Witter, administratrix of the succession of Wm. P. Connell.

It is further ordered that the said intervener and third opponent pay the cost of the intervention and third opposition and of this appeal.