PONDER, Justice.
 

 The plaintiffs, Mrs. Ethel Blanchard' Smith and Blanchard Smith, leased on January 25, 1940, to the defendant, Louis Bratsos, a certain lot at 1011 Jordan St. in Shreveport with the improvements thereon or to be thereafter erected. The lease was for a term of ten years to begin on April 10, 1940, and end April 9, 1950. It was provided in the lease that if a certain building under construction on the lot was-not ready for occhpancy on April 10, 1940, that the effective date' of the lease would automatically be deferred until the building was completed and ready for occupancy. The date on which the defendant occupied the property is not shown by the record, but it is shown that the defendant opened a restaurant in the building on May 1, 1940. The lease was filed for record in. the conveyance records of Caddo Parish on February 12, 1940.
 

 On February 12, 1940, the defendant placed an order with the local representative of the Allied Store Utilities Company for a grocer refrigerator with instructions, that it be shipped from St. Louis, Missouri, when notice was given by the purchaser. At the time that he placed the order for the refrigerator, the defendant executed a chattel mortgage covering it in favor of the Allied Store Utilities Company, which mortgage was duly recorded in the chattel
 
 *498
 
 mortgage records of Caddo Parish on April 16, 1940.
 

 The defendant having failed to pay his rent, this suit was instituted by the plaintiffs for the amount of the rent due and to be accrued under the lease contract. The plaintiffs asked for recognition of their lien and privilege on all of the property in the leased premises. The refrigerator was seized under a writ of provisional seizure, and the defendant having failed to answer the suit a judgment of default was rendered against him.
 

 The refrigerator was advertised for sale under the judgment. Whereupon, the Allied Store Utilities Company interposed an intervention and third opposition, claiming that their chattel mortgage and vendor’s lien was superior in rank to the lessors’ lien and privilege and entitled them to the proceeds of the sale of the chattel. On trial of the third opposition, the lower court gave judgment in favor of the third opponent as prayed for. The judgment was reversed by the Court of Appeal, Second Circuit, on appeal. 12 So.2d 241. The plaintiffs’ lessors’ lien and privilege was decreed superior in rank to the chattel mortgage. The third opponent applied for and obtained the writs of certiorari and review which are now submitted for our determination.
 

 The controversy arises over who, as between the lessors and the third opponent, is entitled to the proceeds derived from the sale of the chattel.. In order to determine the question presented, it is necessary to ascertain whether the lessors’ lien primes the chattel mortgage or vice versa.
 

 The chattel mortgage in dispute recites in part as follows:
 

 “Sale and Chattel Mortgage..........AS 917____Assignable......Duplicate
 

 “Allied Store Utilities Company (A Missouri Corporation)
 

 “Hussmann-Ligonier Products — 2401 N. Leffingwell Ave., St. Louis, Mo.
 

 “Ship to........Louis Bratsos____(Doing Business as United Cafe & Grill)
 

 “Street No.......1011 Jordan
 

 “City----Shreveport........Parish____Caddo........State____Louisiana
 

 “State of Louisiana, Parish of Caddo............................................
 

 Be It Known, that on this 12th day of February, 1940 Before Me, The Undersigned, a Notary Public, duly commissioned and qualified within and for the Parish of Caddo, State of Louisiana, and in the presence of the witnesses hereinafter' named and undersigned, personally came and appeared Allied Store Utilities Company, a corporation, vendor, and herein represented by A. B. Wynn, whose authority to’ act herein is acknowledged, which company hereby sells, transfers and conveys to Louis' Bratsos, a resident of the Parish of Caddo, State of Louisiana, who also appears,
 
 *500
 
 is ‘ here present, accepting and purchasing for himself, his heirs, and assigns, the. following described property:
 

 Quantity Model No. Fixture Finish Price F. O. B.
 

 Hussmann-Ligonier
 

 Refrigerator Counter
 

 (S) Ft. Long
 

 R-4-Serial #36 2322
 

 25MS “ #401351 Store
 

 Ship when notified
 

 Electrical Specifications
 

 One 25MS Hussmann-Ligonier Current-Volts-Cycles-Phase
 

 “ R-4 Condensing Unit(s) H. P. AC 110 60 1
 

 Grocer Refrigerator (S) ......Glass Doors
 

 Meat Cooler(s).... ft. Font.... ft. Depth.... ft. Height
 

 Location entrance door____Right or left facing front of cooler......
 

 State make of mechanical refrigeration if purchased from others. .Name....
 

 In Consideration Whereof, the undersigned, hereinafter referred to as Purchaser, agree (s) that the
 

 Cash Price is ....................................................$450.00-
 

 To be paid by Purchaser to Seller or its assigns in the following manner:
 

 1. Cash with order............................$
 

 2. Cash upon Installation......................$50.00
 

 3............................................
 

 Down payment total of Items- 1, 2 and 3............. $ 50.00'
 

 4. Principal balance ■......................... $400.00-
 

 5. Carrying charge .......'...................
 

 6. Insurance charge .........................
 

 7. Time balance owed, total of Items 4, 5 and 6
 

 This sale is made for the above total purchase price, of which the vendee has paid the above cash payment with order to vendor who acknowledges receipt thereof and said vendee agrees to make a second cash payment on delivery of the above described property, and said vendee, in the presence of said witnesses, declared and acknowledged to me a Notary, that he is justly, truly and legally indebted unto said vendor in the just and full sum of....................$400.00 lawful money of the United
 
 *502
 
 States of America, being the balance of said purchase price, and for the reimbursement of which sum, and as evidence of which indebtedness, said purchaser has furnished one promissory note for th'e sum of $400.00 dated even date herewith, payable to the order of said vendor, in____8----installments, ... .8... .installments being for the sum of____$50.00... .each, and the last installment being for the sum of____ $____the first installment being due 30 days after installation, and one each of the remaining installments shall be due on the same day of each month thereafter until all are paid; each installment shall bear six per cent interest per annum from maturity until paid; and an attorney’s fee of fifteen per cent of the total amount due will be paid in the event the note should be placed in the hands of an attorney for collection; which said promissory note, after having been paraphied ‘Ne Varietur’ by me, Notary, of even date herewith, for identification, is herewith now delivered to said vendor now here present, accepting this act of mortgage and acknowledging dUe receipt of said note.”
 

 From the evidence in the case, it appears that the following part of the description of the chattel was inserted sometime after the chattel mortgage was passed; viz,
 

 “R-4 Serial #36 2322
 

 “25'MS “ #401351”
 

 The plaintiffs contend that the insertion by the mortgagee of the serial numbers, after the execution of the chattel mortgage and out of the presence of the notary, the witnesses and the mortgagor, was a material alteration that renders the instrument void as to the lessors, who are third persons, and considered to that extent at least, the mortgage was an unacknowledged private act.
 

 In support of this contention, the plaintiffs cited authorities to the effect that a material alteration of an instrument will vitiate the instrument. We find no fault with these authorities. The question of whether or not the alteration is a material one must necessarily be determined by the facts in each particular case. We are compelled
 
 to
 
 disregard that part of the description setting forth the serial numbers inserted subsequent to the execution of the chattel mortgage. If the chattel is sufficiently described in the absence of the serial numbers, the insertion of these serial numbers could have no material effect on the instrument.
 

 In the case of Union Building Corp. v. Burmeister, 186 La. 1027, 173 So. 752, 755, we quoted with approval the following excerpts from Jones on Chattel Mortgages and Conditional Sales, Bowers Edition:
 

 “ ‘It is not necessary that the property should be so described as to be capable of being identified by the written recital or by the name used to designate it in the mortgage. * * *
 

 “ ‘It is obviously impossible in most cases to set forth on the face of the mortgage all the articles embraced in it with such precision that any one, by a mere inspection of the mortgage, without reference to any other source of information, can identify them. * * * ’ Vol. I, § 53, pp. 94, 95.
 

 
 *504
 
 “ ‘A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient.’ Vol. I, § 54, p. 96.
 

 “ ‘Parol evidence is admissible to identify the chattels mortgaged. Such evidence may aid but not make a description. The mortgage must of itself suggest inquiry which will result in identification. It is not possible to describe personal property so well as to preclude the necessity of such evidence to identify it. * * * ’ Vol. I, § 64, p. 129.”
 

 After considering the surrounding circumstances as shown by the evidence in this case, we are of the opinion that the description is sufficient against third persons. The chattel was the only refrigerator of its character and make in the defendant’s place of business. We can readily see that the description would not have been sufficient if there had been other chattels of a like nature in his place of business. Since there was only one refrigerator of this nature and make in the defendant’s place of business, we must reach the conclusion that the description was sufficient and especially as to the lessor. Moreover, the description was sufficient with the aid of inquiries which it would suggest to identify the chattel.
 

 The plaintiffs contend that the chattel mortgage is void as to them because it does not set definitely the time when the obligation was to mature.
 

 The plaintiffs do not cite any authorities in support of this contention. However, an examination of the instrument shows that $50 was to be paid upon installation, and a promissory note was given for the balance of $400 to be paid in eight installments of $50 each. These installments were to be paid monthly, the first being due thirty days from installation. In the absence of any authority to the contrary, we see no reason why the provision as to the payment of the obligation is not sufficiently definite. In fact, under the very terms of the instrument, the obligation matures in its entirety eight months after the installation of the chattel.
 

 The plaintiffs contend that the lessors’ lien primes the chattel mortgage because the refrigerator was installed in the leased premises after the lease had begun to run and before the chattel mortgage became effective.
 

 We see no merit in this contention for the reason that the mortgage on the chattel 'was recorded prior to the time the chattel was placed in the leased premises.
 

 The plaintiffs contend that the prohibition in the recorded act of lease against the installation in the leased premises of equipment subject to a chattel mortgage which would take precedence over the lessors’ lien is binding on the intervenor or third opponent.
 

 The violation of such a provision in the lease might be grounds to set aside or annul the lease, but it could not affect third parties who held a mortgage on a chattel before the chattel was placed in the leased premises.
 

 For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is
 
 *506
 
 reversed and set aside, and it is now ordered that the judgment of the district court be reinstated and become the final judgment in this cause.
 

 ROGERS, J., absent.