To secure payment of his note for Seven Hundred Fourteen ($714.) Dollars, defendant, on September 13, 1946, mortgaged to the intervenor, Motors Securities Company, Incorporated, as described therein, his 1939 4-door Special Buick automobile, motor number 43751227. The act of mortgage was promptly filed for record in the office of the clerk and recorder of DeSoto Parish, the domicile of the mortgagor. Thereafter, to the knowledge of the plaintiff herein, but without the knowledge or consent of intervenor, defendant removed the motor from the car and installed therein another one.
On October 28, 1946, after the second motor had been put into the car, to secure his note of $600.57 in favor of plaintiff, the defendant mortgaged to him the same automobile and, along with other identifying facts, the motor number was given as being 439549865 or 43964986. The numerals constituting the motor number were in part indistinct. This explains why the alternative number was put in the mortgage. However, the last of the above two numbers is the correct one.
Defendant defaulted on both of said mortgage notes and plaintiff through executory process sought to enforce his mortgage by sale of the automobile. Prior to sheriff's sale of the car, the Motors Securities Company, Inc., asserting its mortgage to be superior in rank to that of the plaintiff, intervened in the suit and procured an order from the court requiring the sheriff to retain in his hands the proceeds of the sale of the car until further orders of the court. The contest is over the proceeds.
The record before us does not disclose that the intervention was put at issue by answer or otherwise, but the case was tried upon the issue tendered by the intervention. Plaintiff's position was then and is now that his mortgage, although subsequent in date and registry to that of the intervenor, primes the same. In support of this position he contends that since the record did not disclose a mortgage that affected defendant's Buick car with motor number 439549865 or number 43964986, he was warranted in assuming that the car was free of encumbrances; and, as an innocent third person, he was protected in relying upon the public records.
The lower court sustained plaintiff's contentions, dismissed the intervention and ordered the fund in the sheriff's hands paid over to the plaintiff. Intervenor appealed.
At the time defendant purchased the car he was in plaintiff's employ. Plaintiff advanced him the money to purchase the second motor. It was installed at his place of business. Defendant had only one car, that which is involved herein, and plaintiff knew this. The indebtedness due plaintiff by defendant, represented by the note of $600.57, was in existence for some time prior to the date the note and mortgage were given. Plaintiff demanded of defendant that he pay the debt or give the mortgage.
Plaintiff testified that before taking the mortgage he had his counsel examine the records to ascertain if "there was a mortgage against an automobile with that motor number," referring to the number of the second motor, and was advised by counsel that there was none. He also testified that the defendant assured him the car was free of encumbrances.
It is not clear to us how anyone could accurately examine mortgage records to ascertain if a car with a certain motor number was mortgaged without knowing the make and model of the car and the name of the owner. The name of the present owner (and past, if any) of a chattel offered for mortgage is the first information the examiner of the public records needs and usually requires prior to making the examination. If he has only the motor number the examination would be interminable and doubtful of dependable results.
Section 6 of Act No. 198 of 1918 reads as follows: *Page 796 
"Be it further enacted, etc., that for the purpose of this Act, it shall be sufficient for the Recorder of each Parish to keep a book to be known as the Chattel Mortgage Book, which shall be ruled off into columns, with headings as follows:
" 'Time of Filing for Recordation'; 'Name of Mortgagor'; 'Name of Mortgagee'; 'Date of Instrument'; 'Amount Secured'; 'When Due'; 'Property Mortgaged'; 'Remarks'.
"Under the head of 'Property Mortgaged,' it shall be sufficient to enter a general description of the property and the particular place where located."
[1-4] From the time of filing in the office of Parish Recorder all persons are impressed with knowledge of the contents of a chattel mortgage; and, in addition, it is to be presumed that the recorder after filing the mortgage to intervenor observed the requirements of the quoted law. When this had been done the record clearly disclosed adequate evidence to identify the car that was affected by the mortgage; that is, inter alia, it disclosed that the car was "used" (not new), 1939 model, Buick make, and 4-Door Special, with motor carrying the number 43751227. It also disclosed that Claude Couie was the mortgagor and that Motors Securities Company, Inc., was the mortgagee. And, even though the motor was afterward removed and in lieu thereof one with different number installed, it cannot be well said that a person who examined the record would not have had brought home to him the identity of the car; especially would this be true of plaintiff who knew the car very well, its owner, and knew that the owner had only one Buick automobile. Anyway, regardless of the shift in motors, there were ample facts of identification in the act of mortgage and on the record to put any bona fide inquirer on notice which, if followed up, as would have been his duty for his own protection, would have convinced him that the car described in the mortgage was the one involved in this case. It is not required that the description of a mortgaged chattel be wholly complete as to details, in order to affect the public. This principle is now well fixed by decisions of the courts of this state, including the Supreme Court. See: Union Building Corporation v. Burmeister, 186 La. 1027, 173 So. 752; Smith et al. v. Bratsos, 202 La. 493, 494-502, 503, 12 So.2d 245.
[5-8] In the first cited case the court approvingly quoted from Jones on Chattel Mortgages and Conditional Sales, as follows [186 La. 1027, 173 So. 755]:
" 'It is not necessary that the property should be so described as to be capable of being identified by the written recital or by the name used to designate it in the mortgage. * * *
" 'It is obviously impossible in most cases to set forth on the face of the mortgage all the articles embraced in it with such precision that any one, by a mere inspection of the mortgage, without reference to any other source of information, can identify them. * * *' Vol. I, § 53, pp. 94, 95.
" 'A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient.' Vol. I, § 54, p. 96.
" 'Parol evidence is admissible to identify the chattels mortgaged. Such evidence may aid but not make a description. The mortgage must of itself suggest inquiry which will result in identification. It is not possible to describe personal property so well as to preclude the necessity of such evidence to identify it. * * *' Vol. I, § 64, p. 129."
[9, 10] When defendant installed the second motor in the car it became an indispensable part and parcel thereof, and it was thereby as effectively impressed with the mortgage as was the old one. The law (Article 3310 of Civil Code) applicable to improvements placed upon mortgaged real estate has equal application to a case of the character as that we are now considering. It is not legally possible to effect a mortgage upon the motor of an automobile, separate and apart from the vehicle itself, after the motor has once been installed therein.
For the reasons herein assigned, the judgment appealed from is annulled, avoided *Page 797 
and reversed, and there is now judgment in favor of the intervenor, Motors Securities Company, Inc., and against plaintiff, Frank W. Matthews, recognizing and decreeing its mortgage upon the automobile in question to be superior in rank and to prime that thereon in favor of the plaintiff; and, accordingly, its right to the proceeds of the sale of the car is superior to that of the plaintiff. It is further ordered that the sheriff of DeSoto Parish pay over to the intervenor all of said proceeds or fund.
It is further ordered that plaintiff pay all costs of the intervention, and that all other costs be paid by the defendant.