GLADNEY, Judge.
This action is by plaintiff to establish ownership of certain personal property acquired at a sheriff’s sale in Caddo Parish, July 20, 1949, pursuant to foreclosure proceedings by executory process on a $10,000 chattel mortgage note in the suit entitled “United Credit Company, Inc. vs. The Croswell Company, Inc.” As a conservatory measure plaintiff also obtained a preliminary writ of injunction to restrain the *648 defendant and city marshal from executing under a writ of fieri facias upon the chattels so claimed under a judgment obtained by Temple against the Croswell Company, Inc. in the City Court of Shreveport. After trial the demands of the appellant herein were rejected, the writ of preliminary injunction was dissolved, and judgment was rendered in favor of the defendant. From the decree the plaintiff, Abbott, has' prosecuted a suspensive and devolutive appeal.
Counsel for appellant properly argues the only point for decision in this case is whether the property was affected by an act of chattel mortgage dated June 22, 1948, executed by the Croswell Company, Inc., in favor of the United Credit Company, Inc. The instrument, valid in all other respects, specifically described certain chattels but other property was simply described as: “Also all other miscellaneous tools, machinery and equipment; all of the property being located at 6058 St. Vincent Avenue, Shreveport, Caddo Parish, Louisiana.”
The disputed property described in the marshal’s inventory as taken into his possession in the seizure and claimed by plaintiff as having been covered by the mortgage in general terms consists of:
1 —Box Air tools and Grinders
1 —Rock Air Guns and Jack
3 —50 foot lengths Extension Cords
1 —Shop Air Tank Serial No. 2-1947 including air lines and connections attached to tank
8 —Scaffold boards with aluminum roofing, 2400 feet Electric cable with holders
9 —Welding Loads
1 —Electric Panel with switch board and electric boxes approximately 35 feet long and about 5 feet high with all electrical attachments attached to
1 —Yale Trolley dollie
1 —Overhead trolley crane complete with one chain hoist — all chains and binders and winch line on Chevrolet truck
12 — Tank Dollies and Pipe rollers 25 feet long
1 —Joint 2% in. pipe
15 — Pipe stand dollies
6 —Steel work benches
1 —Length 8 in. pipe
1 —2 inch fence railing
2 —Tank heads 138 T.D.
1 —Fabricated bending block with Furnace and Crane
1 —Length 15 inch pipe
1 —6 inch Iron pipe rack
1 —5 ton chain hoist
2 —lengths % Grass ropes.
Contending that where a chattel mortgage describes property in general terms and specifies its location the mortgage sought to be created will be effective against a seizing creditor, the following authorities are cited as supporting appellant: Soady Building Company, Ltd. v. Collins (American Nat’l Bank, Intervener), 1931, 18 La.App. 164, 137 So. 631; Smith v. Bratsos, 1942, 202 La. 493, 12 So.2d 245, reversing, La.App., 12 So.2d 241; Union Building Corporation v. Burmeister, 1937, 186 La. 1027, 173 So. 752; and Matthews v. Couie (Motors Securities Company, Inc., Intervener), La.App. 1948, 35 So.2d 794.
The position of appellee is that under the chattel mortgage act as amended by Sections 1 and 2 of Act No. 172 of 1944 a full description of the property mortgaged should have been set forth in the instrument so that it was capable of identification, except in cases of mass or assemblages as permitted by the amendatory statute, and the chattel mortgage herein involved did not so describe the property in controversy.
Effective at the time of execution of the subject chattel mortgage was Act No. 172 of 1944, Secs. 1 and 2, now LSA-R.S. 9:5351 and 9:5352, as further amended in 1950:
“In order to secure the performance of any obligation, including future advances, it shall be lawful by complying with the provisions of this Part to mortgage any and every kind of movable property and to mortgage any of the following masses or assemblages of things, lumber, logs, staves, cross-ties, tiles, bricks, loose cotton, cotton *649 seed and its by-products, live stock, poultry, * * *.
“Every chattel mortgage shall be in writing and the obligation secured thereby shall be described and the exact sum and date of maturity stated. A chattel mortgage granted on any mass or assemblage of things permitted by Section 1, whether owned at the time of execution of the mortgage or to be acquired thereafter and on such additions as may come from natural increase or otherwise shall be described as all of a particular class or classes or grade or kind or type or species or dimensions to be kept at a certain location. In all other cases a full description of the property to he mortgaged shall he set forth so that it may be identified and its location shall be stated.”
We note that Section 2 of Act No. 198 of 1918 required that such mortgage “shall be in writing, setting out a full description of said property to be mortgaged, so that same may be identified”. This provision has been modified by permitting a general description as to the things specifically named in Section 1 of Act No. 172 of 1944 and by the requirement “its location shall be stated.”
It is generally recognized absence of certain formalities makes a chattel mortgage ineffective against third parties without knowledge even though filed. In Southern Enterprises, Inc., v. Foster, 1943, 203 La. 133, 13 So.2d 491, at page 494 it was stated: “Third persons without actual knowledge can not be held to have constructive notice of the existence of the chattel mortgage unless the statutory requirements are strictly complied with. (Emphasis supplied.)
Among the conditions imposed by LSA-R.S. 9:5352, quoted above, is: “In all other cases a full description of the property to be mortgaged shall be set forth so that it may be identified and its location shall be stated.” It is, therefore, essential in order to impress third persons with the chattel mortgage privilege in this state the property shall be so described “it may be identified” and its location stated. It is the first named of these conditions that has brought on this suit. Appellee argues further that the courts of this state have been even more exacting in its requirement of descriptive identification in the act of chattel mortgage where the property has been seized and sold under executory process, citing Article 734 of the Code of Practice, Coguenhem v. Trosclair (Laurel Grove Company, Intervener), 137 La. 985, 69 So. 800; and Willis v. Thomason, 1924, 1 La.App. 313, wherein we said:
“The primary reason why property not included in a mortgage or covered thereby cannot be seized and sold under executory process is that in such instances there is no real judgment behind the seizure; only an order to seize and sell certain specifically described property covered in the authentic act of mortgage. The sheriff is totally incompetent to seize and sell any property under executory process that is not covered by the mortgage or privilege. Such a seizure and sale of property not covered by or included in a mortgage is an absolute nullity.” (Emphasis supplied.)
Thus, when the chattel mortgage under which Abbott traces his title was con-fected, “miscellaneous tools”, “machinery” and “equipment” since clearly not embraced within the provisions of Section 1 became subject to the provisions of Section 2 of Act' No. 172 of 1944, thus requiring a full description of the property to be mortgaged to be set forth so that it could be identified and its location stated. The provisions of the law were complied with insofar as the location of the mortgaged property was given in the instrument. We are not satisfied, however, that the chattel mortgage met the statutory condition the property mortgaged be so fully described that it could be identified. In a well written opinion by our brother below we find he has appropriately defined and analyzed certain key words employed in the language of the statute and the act of mortgage, and we quote from his opinion with approval:
*650 “Looking to .Webster’s Collegiate Dictionary, we find that the word 'describe’ is defined to be ‘set forth, relate, recount, narrate, sketch, express, depict, portray, delineate, characterize.’ From the same source, the word ‘tool’ is defined to be ‘any instrument or apparatus necessary to a person in the efficient prosecution of his trade or calling.’ And from the same source, ■“machinery’ is defined as ‘machines in general or collectively; also the working parts of a machine.’ Also from the same source, the word ‘equipment’ is defined to mean ‘anything used in equipping’ and from the same source we find the word ‘identify’ to mean ‘to make to be the same, consider as the same, prove to be the same.’
“ ‘Tools’ may be a screwdriver, a wrench, hammer and tongs, an anvil, a crosscut saw, or an automobile for a physician. The word ‘tool’ is a description of the character of the thing and has no relation to its identity. Where the word ‘tool’ is used in a mortgage without any qualifying description, a person seeking to identify the object would not know whether he was looking for a screwdriver or an automobile. The law requires that where movable property is mortgaged, a description of the property’s ‘identity’ must be given, rather than a description of the character of the property. When one reads from the mortgage, ‘all other miscellaneous tools, machinery and equipment’, he finds nothing in the description except the character or nature of the property mortgaged.”
In an article appearing in the Tulane Law Review, Vol. XIII, pp. 19, 24, 25 (1938) Mrs. Harriet Spiller Daggett commented upon the court’s action in Union Building Corporation v. Burmeister, 1937, 186 La. 1027, 173 So. 752, wherein it quoted approvingly from Jones on chattel mortgages and conditional sales, declaring: “It is clear that the common law rule cannot be reconciled with the express wording of Section 2 of the Chattel Mortgage Act requiring- every chattel mortgage to contain ‘a full description of said property to be mortgaged, so that it may be identified’ * * This criticism though meritorious in the opinion of this writer seems to have gone unheeded, for the Supreme Court in Smith v. Bratsos, supra, and thi9 court in Matthews v. Couie (Motors Securities Co., Inc., Intervener), supra, have subsequently quoted with approbation the same reference from Jones on Chattel Mortgages and Conditional Sales. The reference is [202 La. 493, 12 So.2d 248] :
“ ‘It is not necessary that the property should be so described as to be capable of being identified by the written recital or by the name used to designate it in the mortgage. * * *
“ ‘It is obviously impossible in most cases to set forth on the face of the mortgage all the articles embraced in it with such precision that any one, by a mere inspection of the mortgage, without reference to any other source of information, can identify them. * * * ’ Vol. I, § 53, pp. 94, 95.
“ ‘A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient.’ Vol. I, § 54, p. 96.
“ ‘Parol evidence is admissible to identify the chattels mortgaged. Such evidence may aid but not make a description. The mortgage must of itself suggest inquiry which will result in identification. It is not possible to describe personal property so well as to preclude the necessity of such evidence to identify it. * * * ’ Vol. I, § 64, p. 129.”
Matthews v. Couie [35 So.2d 795], disclosed a controversy over the identifying motor number as recorded “439549865 or 43964986”, the numerals constituting the motor number being in part indistinct. Otherwise the chattel was described as a 1939 4-door Special Buick automobile. The court, 35 So.2d at page 796, said:
“ * * * there were ample facts of identification in the act of mortgage *651 and On the record to put any bona fide inquirer on notice which, if followed up, as would have been his duty for his own protection, would have convinced him that the car described in the mortgage was the one involved in this case. It is not required that the description of a mortgaged chattel be wholly complete as to details, in order to affect the public. This principle is now well fixed by decisions of the courts of this state, including the Supreme Court. See: Union Building Corporation v. Burmeister, 186 La. 1027, 173 So. 752; Smith v. Bratsos, 202 La. 493, 494-502, 503, 12 So.2d 245.”
Soady Building Company, Ltd. v. Collins, supra, presented a case where the chattels were described by name and number, as so many chairs, so many heaters, etc., all located in the Boise Hotel, 619% Market Street, Shreveport, Louisiana. The court held such description was sufficient, concluding the property was such it could not be described in any other way. It is logical to assume the chattels mortgaged could not be confused with any unmort-gaged property of such a description, which at least classified the chattels by name and the number thereof so mortgaged.
In Smith v. Bratsos, supra [202 La. 493, 12 So.2d 248], the court had under discussion the identity of one 25 MS Hussmann-Ligonier Refrigerator Counter, (S) Ft. Long. The court sustained the validity of the description in the mortgage, saying:
“Since there was only one refrigerator of this nature and make in the defendant’s place of business, we must reach the conclusion that the description was sufficient and especially as to the lessor. Moreover, the description was sufficient with the aid of inquiries which it would suggest to identify the chattel.”
Thus, although the chattel was not described with serial number or other identification number, it was described as “Huss-mann-Ligonier Refrigerator Counter (S) Ft. Long”, which description made identification feasible since there was no other property of a similar description on the leased premises.
The trial court in Union Building Corporation v. Burmeister, supra, permitted parol evidence to show the chattels described in the act of mortgage by common name and some with dealers or manufacturer’s stock numbers could, by the use-of stock numbers, be easily identified. The mortgage covered beauty parlor equipment and could not be confused with any other property at the location designated in the mortgage. The description was thus held to be sufficient.
The jurisprudence of this state in considering cases involving chattel mortgages where there is no descriptive refer-erence in the act of chattel mortgage to the chattels that would distinguish them one from the other of the same kind, have differentiated between those cases wherein reference is made in the act of chattel mortgage as to the location of the chattels at the date of its execution, and those wherein no reference as to location is made in the act. Generally in the former, with some qualifying description, it has been held to be sufficient to affect third parties, whereas in the latter, it has been held not to be sufficient. But even where the instrument gives the location of the chattel there has to be some distinguishing label or characteristic to differentiate it from property of a similar character which may be at the same location. Le Corgne v. Garner, 1927, 7 La.App. 148; Christian v. Langford, 1929, 11 La.App. 652, 124 So. 593; Durel v. Buchanan, 1920, 147 La. 804, 86 So. 189; and Continental Bank & Trust Co. v. Succession of McCann, 1922, 151 La. 555, 92 So. 55.
Upon the trial the defendant, Temple, demonstrated by his testimony each of the items of personal property herein involved was capable of being described by certain names, size, number or value, in such a manner as to set it apart and be identified. This evidence was not refuted. We are of the opinion the failure to fully describe the disputed chattels within the act of chattel mortgage that they might be *652 identified created no privilege thereon, and accordingly, it follows that the property was not validly seized by the sheriff and Abbott secured no title to the property at the public sale on July 20, 1949.
We find no error in the judgment from which appealed, and, therefore, the judgment is affirmed at appellant’s cost.