129 So.2d 330 (1961)
H. E. HARPER, Trustee, Plaintiff and Appellee,
v.
BORDEN COMPANY, Defendant and Appellant.
No. 218.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
On Applications for Rehearing May 9, 1961.
*332 Theus, Grisham, Davis & Leigh, by Robert L. Curray, Monroe, for defendant-appellant.
May & Woodley, by John Paul Woodley, Shreveport, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, Judges.
HOOD, Judge.
This is a suit instituted by H. E. Harper, as trustee in bankruptcy for the estate of Donald H. Worsley, against the Borden Company and the Sheriff of Natchitoches Parish to enjoin the judicial sale of a truck and trailer. These chattels had been seized by the sheriff under a writ of fieri facias issued pursuant to a judgment of the Tenth Judicial District Court in and for the Parish of Natchitoches, dated April 16, 1959, in which judgment a chattel mortgage in favor of the Borden Company purporting to affect this truck and trailer was recognized and made executory. Plaintiff further seeks to have this chattel mortgage decreed to be null and void and to have this truck and trailer released from seizure and surrendered to plaintiff.
The facts, as set out in the trial judge's written reasons for judgment, are:
"On November 11, 1954, Donald H. Worsley and A. R. McCleary executed a promissory note in favor of The Borden Company in the amount of $5,800.00. This promissory note was secured by a mortgage of the same date (which) purported to cover the following described chattels, to wit:
"One 1945 Dodge utility truck, serial and motor number T214-256003.
"One 1949 Trailmobile Model A all aluminum trailer mounted on Fruehauf tandem axel [sic], Serial No. 51-908-03499, and equipped with Tele King refrigeration unit.
"A certificate of title was issued by the Vehicle Commissioner in the names of `Borden Milk Dist Conald [sic] H. Worsley & A. R. McCleary.' The Borden Company mortgage was noted on this title certificate. Subsequently, The Borden Company brought suit against Worsley and McCleary to foreclose the mortgage on the above described vehicles. This suit is entitled `The Borden Company vs. Donald H. Worsley and A. R. McCleary' and bears number 30,448 on the docket of the Tenth Judicial District Court of Louisiana within and for the Parish of Natchitoches, and was filed on December 11, 1957. This suit resulted in a judgment in favor of The Borden Company on April 16, 1959, and thereafter a writ of fi. fa. was issued under which the mortgaged truck and trailmobile were seized on April 21, 1959, and then advertised to be sold.
"Donald H. Worsley had apparently acquired the interest of A. R. McCleary in this truck and Trailmobile under a verbal agreement, or verbally, prior to the time the judgment was rendered, and on March 10, 1959, Donald H. Worsley was declared a bankrupt in proceedings entitled `In the Matter of Donald Harlow Worsley,' No. 8604 in Bankruptcy on the docket of the United States District Court for the Western District of Louisiana, Shreveport Division, and in the schedules in bankruptcy filed by him this 1949 Trailmobile was listed among the assets."
Shortly after Worsley was declared bankrupt, plaintiff was duly appointed trustee of Worsley's estate. The present suit was filed on May 13, 1959, and on that same day, plaintiff obtained a court order temporarily restraining the sheriff from selling the chattels here at issue. Counsel for plaintiff and for defendant later entered *333 into a stipulation pursuant to which the seized vehicles were sold by the sheriff, and the proceeds from that sale are now being held by the sheriff pending a determination of the instant suit.
This case was tried on its merits, and judgment was rendered by the trial court on August 18, 1960, in favor of plaintiff, directing the sheriff to pay to plaintiff the entire proceeds realized from the sale of the vehicles, and condemning the Borden Company to pay all costs of the suit. The Borden Company has appealed from that judgment.
The Sheriff of Natchitoches Parish did not file an answer to plaintiff's suit and no default was taken against him. We consider that to be immaterial, however, because the controversy in this case is solely between plaintiff and the Borden Company, and the sheriff is merely holding the proceeds of the judicial sale subject to the orders of this court.
Neither the plaintiff nor the defendant introduced in evidence a copy of the chattel mortgage attacked by plaintiff. The record also does not contain copies of the certificates of title issued by the Vehicle Commissioner on the vehicles seized and sold or a copy of the judgment rendered in the case of "The Borden Company vs. Donald H. Worsley and A. R. McCleary," which recognizes and makes executory the chattel mortgage which is here at issue. It appears from the transcript, however, that these documents were available to or were in the possession of counsel and the court at the trial of this suit. Under those circumstances, we accept the findings of the trial judge as to the contents and provisions of those documents.
In his written brief, counsel for the Borden Company states that the 1945 Dodge utility truck, which was described in the chattel mortgage, is no longer at issue and that this case concerns only the proceeds from the sale of the Trailmobile trailer. While counsel for plaintiff does not specifically confirm that statement, the arguments in his brief are limited to matters relating to the trailer, so we assume that the parties either have settled their differences as to the Dodge truck or that plaintiff has abandoned his claim insofar as it relates to that vehicle.
Plaintiff contends primarily that the chattel mortgage executed by Worsley and McCleary in favor of the Borden Company, dated November 19, 1954, is void as to plaintiff, because the chattel mortgage failed to properly describe the trailer purportedly mortgaged. Counsel refers us to LSA-R.S. 32:710(A), which relates to the manner in which motor vehicles must be described in chattel mortgages and which provides:
"Every chattel mortgage subject to this Chapter shall be in writing and the obligations secured thereby shall be described and the exact sum and date of maturity stated, and a full description of the vehicle to be mortgaged must be set forth, including the following data; insofar as it may exist with respect to the particular vehicle:
"(1) the make,
"(2) the year (as designated by the manufacturer),
"(3) the model,
"(4) the type of body,
"(5) the motor number,
"(6) the manufacturer's serial number,
"(7) the license number and year of the Louisiana plates currently in effect on the vehicle at the date of the mortgage, and
"(8) location."
Plaintiff's contention is predicated on his allegation that the chattel mortgage does not contain (1) the motor number, (2) the serial number, and (3) the license number of the trailer. He further contends that the chattel mortgage is defective in erroneously describing the trailer as a 1950 Trailmobile, when it was, in fact, a 1949 Trailmobile.
*334 In his written reasons for judgment, the trial judge indicates that the description of the trailer in the chattel mortgage did include the serial number, and that it correctly showed the vehicle to be a 1949 Trailmobile. Since a trailer is obviously not self-propelled, it would not have a motor number, and the record does not indicate that Louisiana license plates had been obtained for the vehicle at the time the mortgage was given. LSA-R.S. 32:710(A) requires that the data therein listed be included on the chattel mortgage, "insofar as it may exist with respect to the particular vehicle." If the description given by the trial judge was actually the one set forth in the chattel mortgage, there appears to have been a literal compliance with the provisions of LSA-R.S. 32:710 (A).
Assuming, however, that the description in the chattel mortgage differed from that given by the trial judge in his reasons for judgment, and that the chattel mortgage was defective in the particulars set out in the petition and in the written brief submitted by counsel for plaintiff, the question is presented as to whether the mortgage might still be effective as to plaintiff.
The chattel mortgage clearly was legal, binding, and effective as between the parties to that instrument. That fact was established by the judgment rendered on April 16, 1959, in the suit of the Borden Company against Worsley and McCleary. The Vehicle Commissioner also recognized the apparent validity of the chattel mortgage as between the parties, because he filed it and specifically noted its existence on the face of the certificate of title which was issued to Worsley and McCleary shortly after the chattel mortgage was executed. Furthermore, Worsley recognized the existence of the indebtedness which the chattel mortgage secured by including it on the schedules which he filed in connection with his bankruptcy proceedings.
Plaintiff contends, however, that even though the mortgage may be binding as between the parties, it is not effective as to third persons, and particularly as to plaintiff in his capacity as trustee in bankruptcy of the estate of one of the mortgagors.
Under the Federal Bankruptcy Act, a trustee in bankruptcy is vested by operation of law with the title to all non-exempt property of the bankrupt as of the date of the filing of the petition initiating the bankruptcy proceedings. Bankruptcy Act, § 70, sub. a, 11 U.S.C.A. § 110, sub. a. A trustee also has the standing of a hypothetical creditor of the bankrupt who holds a lien obtained by legal proceedings as of the date of the bankruptcy, i. e. the date the petition was filed. Bankruptcy Act, § 70 sub. c, 11 U.S.C.A. § 110, sub. c. A trustee's dual status as successor to the title of the bankrupt's property and as a creditor holding a lien acquired through legal proceedings as of the date of the bankruptcy enables him to take action to avoid any transactions of the bankrupt which are voidable under State law and which the bankrupt himself or an actual lien creditor of the bankrupt might have avoided. Bankruptcy Act, § 70, sub. e, 11 U.S.C.A. § 110, sub. e; In re Consorto Const. Co., 3 Cir., 212 F.2d 676, certiorari denied Klein v. Equity Inv. Co., 348 U.S. 833, 75 S.Ct. 57, 99 L.Ed. 657; Bass v. Aetna Factors Co., 9 Cir., 1959, 272 F.2d 707; In re Kravitz, 3 Cir., 1960, 278 F.2d 820; In re Richards & Holloway, D.C.La. 1940, 35 F.Supp. 51; In re Higgs, D.C. Mich.1954, 126 F.Supp. 16. We conclude, therefore, that plaintiff has the same rights and powers with reference to the disputed funds as would a successor in title of the bankrupt or as would a hypothetical judgment creditor of the bankrupt as of the date of the bankruptcy.
In addition to that part of LSA-R.S. 32:710 which has been quoted hereinabove, other pertinent portions of the Vehicle Certificate of Title Law, which were in effect at the time this chattel mortgage was executed and at the time this suit was instituted, provide:
*335 "Sec. 706. Marketable title
"On and after December 15, 1950, except as provided in R.S. 32:705 and 32:712, no person buying a vehicle from the owner thereof, whether such owner be a dealer or otherwise, hereafter shall acquire a marketable title in or to said vehicle until the purchaser shall have obtained a certificate of title to said vehicle; provided, however, that neither the foregoing nor any other provisions of this Vehicle Certificate of Title Law shall be construed to have the effect of delaying, suspending, or preventing the negotiation of a note secured by a chattel mortgage on a vehicle from being complete until the purchaser shall have obtained a certificate of title to said vehicle, the actual intention and effect of this law being that such chattel mortgages shall be complete and effective as to all persons from the date of notation of same by the Commissioner on the face of the certificate of title for such vehicle, * * *." LSA-R.S. 32:706, as amended by Act 228 of 1954.
"Sec. 710. Chattel mortgages; forms and contents; priority; notation on certificate; fraud; enforcement
"B. In order to affect third persons the chattel mortgage must be by authentic act, or by private act duly authenticated in any manner provided by law, except as to mortgages given by automobile dealers to secure so-called floor plan loans. Every such mortgage, other than those securing floor plan loans, shall be effective as against third persons from the date of notation of same by the commissioner on the face of the certificate of title for such vehicle and the same shall be superior in rank to any privilege or preference arising subsequently thereto. * * *" LSA-R.S. 32:710(B), as amended by Act 480 of 1954. (Emphasis added.)
"C. All mortgages noted upon a certificate of title shall take priority according to the order of time in which the same are noted on the certificate of title by the commissioner."
These provisions indicate to us that the Legislature intended that the notation of the chattel mortgage on the vehicle certificate of title should serve as adequate notice to third persons of the existence of such a mortgage affecting the vehicle.
In support of his argument that a chattel mortgage which describes the items mortgaged insufficiently or incorrectly is not valid as to third persons, counsel for plaintiff cites the cases of In re Hidalgo, D.C.La. 1951, 96 F.Supp. 783; Valley Securities Co. v. DeRoussel, Orleans, 16 La.App. 115, 133 So. 405; Abbott v. Temple, La.App. 2 Cir., 73 So.2d 647; and Hamner v. Domingue, La.App. 1 Cir., 82 So.2d 105.
In Hamner v. Domingue, supra, a chattel mortgage which described a mortgaged automobile by an incorrect motor number was held to be invalid and ineffective as to a third person who purchased the car without notice of the mortgage. In that case, however, unlike the facts in the present suit, the chattel mortgage was not noted on the certificate of title issued by the Vehicle Commissioner, and thus, under the provisions of the Vehicle Certificate of Title Law, the mortgage was not effective as to third persons. Furthermore, the vendor of that vehicle was an automobile dealer who had executed and filed many chattel mortgages affecting vehicles of that same make and model, so it would have been impossible for the purchaser to have determined that this particular automobile had been mortgaged merely by searching the chattel mortgage records. We agree with the conclusions reached by the Court of Appeal, First Circuit, in Hamner v. Domingue, supra, but we believe that the instant case is clearly distinguishable because plaintiff has had notice of the existence of the chattel mortgage in question, since it was specifically noted on the Trailmobile's certificate of title.
The Hidalgo, Valley Securities Co., and Abbott cases were all proceedings to contest *336 the validity of chattel mortgages under the Chattel Mortgage Act, LSA-R.S. 9:5351 et seq., and none of those cases presented the question of the validity of a chattel mortgage which had been correctly noted on a certificate of title issued under the Vehicle Certificate of Title Law.
The Chattel Mortgage Act (LSA-R.S. 9:5351 et seq.) requires that, "* * * a full description of the property to be mortgaged shall be set forth so that it may be identified and its location shall be stated." Under such a provision it has uniformly been held that property subject to a recorded chattel mortgage need not be so described in the mortgage as to be capable of being identified by written recital or by name used to designate it in the mortgage, but such description as would enable third persons, aided by inquiries which the instrument itself suggests, to identify the property is sufficient. Union Bldg. Corporation v. Burmeister, 186 La. 1027, 173 So. 752; Smith v. Bratsos, 202 La. 493, 12 So.2d 245; In re Ratcliff, D.C.La.1933, 2 F.Supp. 193; Matthews v. Couie, La.App. 2 Cir., 35 So.2d 794; Abbott v. Temple, supra.
While we do not hold that the jurisprudence relating to the Chattel Mortgage Act is applicable here, we do think that the requirements of LSA-R.S. 32:710(A), relating to the manner in which vehicles are to be described in chattel mortgages, are intended merely to insure an accurate description of the vehicle so that it can be identified. In our opinion, the failure to include in the description all of the data required by that section of the Vehicle Certificate of Title Law, does not in itself render the mortgage void. In this case it has been judicially determined that the chattel mortgage here at issue is valid as between the parties to it.
We also are convinced that a chattel mortgage affecting a vehicle becomes effective as against third persons from the date of notation of the chattel mortgage on the face of the certificate of title, even though all of the data required by LSA-R.S. 32:710(A) may not have been included in the chattel mortgage or even if some of the data which was included is incorrect. If the vehicle is correctly described in the certificate of title and the chattel mortgage is noted on the face of that certificate, a third person could not logically contend that he had no notice of the existence of such a mortgage after the notation was made. If the chattel mortgage for any reason proves to be invalid as between the parties, it, of course, could not prejudice third persons. If it is valid as between the parties, however, and it is noted on the certificate of title, then in our opinion it becomes effective as to third persons and takes priority from the time of such notation, as provided in LSA-R.S. 32:710.
In this case we conclude that the chattel mortgage executed by Worsley and McCleary in favor of the Borden Company, dated November 11, 1954, insofar as it relates to the Trailmobile trailer here at issue, became effective as to third persons, including plaintiff, when the chattel mortgage was noted on the certificate of title affecting that trailer. This is true even though the description of the trailer in the act of mortgage may not have included the serial number or license number, and the trailer may have been listed as a 1950 rather than a 1949 model, since this insufficient or inaccurate description did not cause any incorrect indexing in the office of the Vehicle Commissioner and a third person checking the records there would not have been misled into believing the vehicle was not mortgaged. See Hamner v. Domingue, supra. Since the mortgage has been determined to be valid as between the parties to it, and plaintiff has not alleged or proved a lien or privilege of higher rank, the Borden Company is entitled to the proceeds from the sale of that vehicle.
For the reasons herein assigned, therefore, the judgment of the trial court is reversed, and judgment is hereby rendered in favor of defendant, the Borden Company, *337 and against plaintiff, H. E. Harper, Trustee in Bankruptcy, ordering the Sheriff of Natchitoches Parish, Louisiana, to pay unto said defendant the balance of the proceeds of the sale of the above described vehicles, after deducting therefrom the costs of said sale. All other costs of this suit, including the costs of this appeal, are assessed to plaintiff.
Reversed.

On Applications for Rehearing.
En Banc.
PER CURIAM.
Applications for rehearing were filed both by the plaintiff-appellee and the defendant-appellant. They cannot be considered because they were not filed timely.
Under Rule XI, Section 1 of the Uniform Rules of the Courts of Appeal (1960):
"Notice of judgments of the court will be delivered personally, or by certified or registered mail, by the clerk of court to at least one of counsel for each of the parties litigant, and applications for rehearing and briefs in support thereof must be filed in quintuple copies on or before the fourteenth calendar day after such delivery in person or by deposit in the U. S. mail, and no extension of time therefor shall be granted. * * *"
Thus, this rule provides that applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of delivery to counsel by deposit in the United States mail. See Guarisco Const. Co. v. Talley, La.App. 3 Cir., 126 So.2d 793.
Our decision herein was rendered on April 17, 1961, and on the same day it was deposited in the United States mail, certified, properly addressed to counsel. The applications for rehearing were not received by this court until May 2 (the plaintiff's) and May 3 (the defendant's), the postmarks showing in each instance that the applications had been mailed on the preceding day from Shreveport. The return receipts show that the copies of the opinion of this court were received by counsel in that city on April 18.
The date of "filing" for purposes of considering the timeliness of the application for rehearing is the date that such applications are physically delivered into the actual custody of this court, not the date of mailing. See McGee v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 125 So.2d 787, 790.
The date of deposit in the mails herein was April 17, and the fourteenth calendar day thereafter was May 1, so that the filing of the applications on May 2 and 3 was not timely.
Earlier jurisprudence (such as Mid-State Tile Co. v. Chaudoir, 228 La. 634, 83 So.2d 654) had held that the delay for filing an application for rehearing in the First and Second Circuit Courts of Appeal did not begin to run until notice of the judgment was actually received by counsel. This jurisprudence was, however, based upon a former provision of Article VII Section 24, Louisiana Constitution, LSA that, for rehearings, "no delay shall run until such notice shall have been given"; but this mandatory provision was deleted in connection with the constitutional revision of the courts of appeal by Act 561 of 1958. Guarisco Const. Co. v. Talley, above-cited. (This change is, in fact, one of the more noteworthy recent changes in appellate procedure. See Tate, "Proceedings in Appellate Courts", 35 Tul.L.Rev. 585 (1961), esp. 593-595.)
For the foregoing reasons the instant applications for rehearing cannot be considered by this court, since not timely filed under the Uniform Rules of the Courts of Appeal.
Applications not considered.