83 So.2d 889

Cecil Bates REEVES

v.

DEPARTMENT OF HIGHWAYS, State of Louisiana.

No. 42434.

Nov. 7, 1955.

D. Ross Banister, Philip K. Jones, Glenn S. Darsey, Louis S. Quinn, Roy M. Talley, Baton Rouge, W. Crosby Pegues, Jr., Gen. Counsel, Louisiana Dept. of Highways, Baton Rouge, for defendant, appellant, applicant.

McIntosh, Hester & Gilfoil, Lake Providence, for plaintiff, appellee, respondent.

SIMON, Justice.

The Court of Appeal, Second Circuit, having refused to consider relator's application for rehearing, it applied for writs to this court, which were granted.

A judgment adverse to relator was rendered by the Court of Appeal, Second Circuit, on April 14, 1955. Reeves v. State, 80 So.2d 206. Relator received notice of this judgment by registered mail on April 15, and its application for rehearing was filed on April 29. The Court of Appeal refused to consider the application on the ground that it was not timely filed within the delay allowed by Act No. 51 of 1954, LSA-R.S. 13:4446.

As pointed out in the case of Mid-State Tile Company v. Chaudoir, 228 La. 634, 83

So.2d 654 the day on which the notice of judgment was received by relator is not to be counted in computing the 14-day delay, and the holding in that case is controlling here. See also Lacaze v. Hardee, 199 La. 566, 6 So.2d 663, and Newsom v. Caldwell & McCann, La.App. 1st Cir., 51 So.2d 393. Therefore, since relator's application was filed on April 29, it was timely and should have been considered by the Court of Appeal.

For the reasons assigned, the Court of Appeal, Second Circuit, is ordered and directed to consider and determine relator's application for a rehearing in this case.* Respondent is to pay all costs in this court; all other costs are to await final determination of the case.

* Rehearing denied Jan. 9, 1956.