HAWTHORNE, Justice.
 

 We granted writs in this case to review the refusal of the Court of Appeal, Second Circuit, to consider relator’s application for a rehearing.
 

 The Court of Appeal rendered a judgment adverse to relator on January 4, 1955,
 
 *637
 
 77 So.2d 552. Certified copy of this judgment was sent to relator’s counsel by registered mail on the same day and received by him on January 5, 1955. On January 19, 1955, relator filed its application for a rehearing in the Court of Appeal, but the court refused to consider it on the ground that it had not been timely made under the provisions of Act 51 of 1954.
 

 Section 1 of Act 51 of 1954, R.S. 13:4446, provides, insofar as pertinent here, that application for rehearing in the Courts of Appeal must be filed on or before the fourteenth calendar day after the rendition of judgment, except in certain cases in the Court of Appeal for the Parish of Orleans. This act, however, must be read with Article 7, Section 24, of the Louisiana Constitution of 1921, which provides: “Notice of all judgments [rendered in the Courts of Appeal, First and Second Circuits] shall be given to counsel of record; and the court shall provide by rule for the giving of such notices.
 
 No delay shall run until such notice shall have been given”
 
 (Italics ours.)
 

 Thus under the provision of the Constitution the 14-day delay for applying for a rehearing in the Courts of Appeal, First and Second Circuits, cannot begin to run until notice of judgment has actually been given to counsel of record. Moreover, the day on which counsel of record receives the notice of judgment is excluded in computing the 14 days within which the application for rehearing must be filed, Lacaze v. Hardee, 199 La. 566, 6 So.2d 663. See also Newsom v. Caldwell & McCann, La.App. 1st Cir., 51 So.2d 393.
 

 January 5, the day on which counsel for relator received the certified copy of the judgment, must therefore be excluded in computing the 14-day period in the instant case, and consequently the application for rehearing filed on January 19 was timely and should have been considered by the Court of Appeal.
 

 The Court of Appeal, Second Circuit, is therefore ordered to consider relator’s application for a rehearing in this case.
 
 *
 
 Respondent is to pay all costs in this court; all other costs are to await final determination of the case.
 

 *
 

 Rehearing denied Jan. 9, 1956.