129 So.2d 203 (1961)
B. E. BAILEY et al., Plaintiff and Appellee,
v.
Willie L. HAYMON, Defendant and Appellant.
No. 234.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1961.
On Application for Rehearing May 9, 1961.
*204 Jess L. Funderburk, Jr., Leesville, for defendant-appellant.
Mitchell M. Evans, DeRidder, for plaintiff-appellee.
Before CULPEPPER, FRUGE and TATE, JJ.
CULPEPPER, Judge.
This is a suit on a promissory note in the sum of $455, dated March 13, 1958, and payable on June 15, 1958, to the order of Bailey Motor Company, a partnership composed of the plaintiffs, B. E. Bailey and L. B. Bailey. The defendant, maker of the note, answered admitting that plaintiffs are the holders and owners of the note, but urged, as a special defense, payment and in the alternative failure of consideration.
The facts are that on March 13, 1958, plaintiffs sold defendant a tractor for the price of approximately $1,100. The defendant executed two notes, one a chattel mortgage note in the sum of $793.04, which was negotiated by plaintiffs to International Harvester Company and the other an unsecured promissory note in the sum of $455, the note herein sued on, which was understood to represent the down payment on the tractor.
The defendant testified that when he tried to use the tractor to plow on his forty acre farm it became over-heated and would not operate satisfactorily. He complained several times to plaintiffs and they tried to make the necessary repairs or adjustments or at least instructed the defendant as to how to repair it, but defendant was not satisfied, so finally plaintiffs agreed to try to sell the tractor for defendant. Plaintiffs could not find a sale for the tractor. Finally plaintiffs agreed to take the tractor back and give defendant a release from his obligation, but defendant was insistent that plaintiff give him a written release before he would return the tractor.
The principal issue in this case is the construction and interpretation of this written release which reads as follows:
"This is to certify that I do hereby give Mr. Willie L. Haymon, Rt. 3, Bx. 14B, Leesville, La. release of note covering Tractor and Equipment on note to International Harvester Company, *205 No. 6-130-58 for the amount of $793.04.
"This releases all indebtedness to the International Company, covered by the note mentioned above."
A reading of the above release shows that it releases only the chattel mortgage note held by International Harvester Company for the sum of $793.04, but does not mention the $455 note given by defendant to plaintiffs to cover the down payment. However, it is the contention of the defendant that the release was supposed to cover all indebtedness on the tractor in return for which he allowed plaintiffs to pick up the tractor. In response to a question by the court we find the defendant testifying as follows:
"Q. Now, was there any discussion at all while you were in Mr. Bailey's office concerning the down payment of $455? A. We talked about that, and then when he gave me that release, well, it said `all indebtedness' down there, and I just glanced over it and I trusted the people and they did me, they was trusting me and I did them, I never even read that, only I knew it was a release, but I just looked at the bottom of it, and it said `all indebtedness' and my understanding of it was that was it. If I'd looked over it I probably would have knowed better."
Mr. L. B. Bailey, who signed the release for plaintiff, testified that his agreement with defendant was that if defendant would return the tractor plaintiff would give him a release on the chattel mortgage note held by International Harvester Company and endorsed by plaintiff with recourse, but that he did not agree to give defendant a release of the $455 note herein sued on. The act of release itself is written according to Mr. Bailey's understanding of that agreement.
Under these circumstances it is our opinion that the trial court was clearly correct in finding from the facts that defendant had failed in his burden of proving his special defense of payment. Defendant has not proved that plaintiff agreed to take the tractor back in payment of the note herein sued on.
Although the defendant, in the alternative, pleaded failure of consideration, presumably for the purpose of introducing proof that the tractor was defective, there is no proof in the record in this respect except the simple statement of the defendant that when he tried to plow the tractor became over-heated. Defendant has not argued this special defense before this Court of Appeal, but even if he had, the proof is clearly insufficient in this regard.
As regards the alleged credit of $200 given by plaintiff to defendant on the $455 note, which credit was allowed by the trial judge, we find that although plaintiffs in their brief have argued the lower court was in error in this respect, they have not appealed or answered the appeal and consequently we cannot consider this argument.
In conclusion, we wish to make it perfectly clear that our opinion herein is based solely on plaintiff's proof of the note and defendant's special defenses of payment and failure of consideration. These were the only defenses pleaded or on which proof was introduced and they were the only defenses argued. Actually, payment was the only defense argued before this court.
For the reasons hereinabove set forth the judgment appealed from is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.

On Application for Rehearing.
En Banc.
PER CURIAM.
The application for rehearing filed by the defendant-appellant cannot be considered because it was not filed timely.
*206 Our decision herein was rendered on April 17, 1961, and on the same day it was deposited in the United States Mail, certified, properly addressed to counsel. The application for rehearing was not "filed" (that is, physically delivered into the actual custody of this court) until May 2, 1961. The latter is the date of filing for purposes of considering the timeliness of the application for rehearing, see McGee v. Southern Farm Bureau Cas. Ins. Co., La. App. 3 Cir., 125 So.2d 787, 790. (The Lake Charles post office notified this court of receipt by certified mail of this application for rehearing on May 2.)
Under Rule XI, Section 1 of the Uniform Rules of the Courts of Appeal (1960), 8 LSA-R.S.:
"Notice of judgments of the court will be delivered personally, or by certified or registered mail, by the clerk of court to at least one of counsel for each of the parties litigant, and applications for rehearing and briefs in support thereof must be filed in quintuple copies on or before the fourteenth calendar day after such delivery in person or by deposit in the U. S. mail, and no extension of time therefor shall be granted. * * *"
Thus, this rule provides that applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of delivery to counsel by deposit in the United States mail. See Guarisco Const. Co. v. Talley, La.App. 3 Cir., 126 So.2d 793.
The date of deposit in the mails herein was April 17, and the fourteenth calendar day thereafter was May 1, so that the filing of the application on May 2 was not timely.
Earlier jurisprudence (such as Mid-State Tile Co. v. Chaudoir, 228 La. 634, 83 So.2d 654) had held that the delay for filing an application for rehearing in the First and Second Circuit Courts of Appeal did not begin to run until notice of the judgment was actually received by counsel. This jurisprudence was, however, based upon a former provision of Article VII Section 24, Louisiana Constitution that, for rehearings, "no delay shall run until such notice shall have been given"; but this mandatory provision was deleted in connection with the constitutional revision of the courts of appeal by Act 561 of 1958. Harper v. Borden Co., La. App. 3 Cir., 129 So.2d 330; Guarisco Const. Co. v. Talley, above-cited. (This change is, in fact, one of the more noteworthy recent changes in appellate procedure. See Tate, "Proceedings in Appellate Courts", 35 Tul.L.Rev. 585 (1961), esp. 593-595.)
For the foregoing reasons the instant application for rehearing cannot be considered by this court, since not timely filed under the Uniform Rules of the Courts of Appeal.
Application not considered.