135 So.2d 802 (1961)
M. A. GENOVESE et al.
v.
Ben Franklin ABERNATHY et al.
No. 411.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
On Application for Rehearing January 3, 1962.
*803 Robert F. DeJean, Opelousas, H. K. Sweeney, Baton Rouge, for plaintiffs-appellants.
Lewis & Lewis, by Seth Lewis, Jr., Richard B. Millspaugh, Opelousas, for defendants-appellees.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This is an action ex-delicto instituted by plaintiffs because of the death of their son, Michael Genovese III, which resulted from a collision involving a car driven by one Frank Chaney, who was also killed in the accident, a truck driven by Ben F. Abernathy, and the car occupied by Michael Genovese III. Made defendants were the estate of Frank Chaney, Ben F. Abernathy, his employer, V. J. Tovatt, and Tovatt's insurer, American Fidelity and Casualty Company.
For a cause of action plaintiffs alleged that at approximately 3:30 o'clock a. m., July 4, 1958, their son was driving in an easterly direction on U. S. Highway 190 and that he attempted to pass a car being driven by Frank Chaney who was traveling in the same direction as he was, but he was unable to pass the Chaney vehicle because it was weaving and went from one side of the road to the other. Plaintiffs further alleged that at the same time Michael was driving his car, Ben F. Abernathy was driving a truck with trailer attached in a westerly direction on U. S. Highway 190 and that although Abernathy saw or should have seen the Chaney car, he did not slow down but continued to drive the truck at the same rate of speed. Michael, sensing that a collision would occur between the car driven by Chaney and the truck driven by Abernathy, pulled his vehicle to the side of the road and stopped on the shoulder of the road. Shortly thereafter, the Chaney car went in the wrong lane of traffic and struck the truck and trailer driven by Abernathy. Abernathy lost control of his truck and the trailer came to rest on the Genovese car, killing the occupant, Michael Genovese III.
In their suit plaintiffs alleged that the proximate cause of the death of Michael was the negligence of Abernathy in the following particulars, to-wit:
A. Continued in his path of travel on a straight and level road without timely reducing his speed and coming to a stop, notwithstanding the fact that an on-coming car was going back and forth across the road.
B. That the said Ben Franklin Abernathy did in fact observe or should have observed that the lead car was not under control of the driver.
C. That the negligence of the said Ben Franklin Abernathy was the failure to respond as hereinabove set out, being negligence in itself, or an act of omission which an ordinarily prudent person ought to reasonably have foreseen might result in injury.
Defendants Abernathy, Tovatt and American Fidelity and Casualty Company answered the suit denying any negligence on the part of Abernathy and stated that the primary negligence of Michael caused the accident in following the Chaney car in such close proximity. Alternatively, defendants plead the "last clear chance doctrine" and "emergency doctrine."
*804 A curator ad hoc was appointed to represent the estate of Frank Chaney. He filed a general denial on behalf of the estate.
After a trial on the merits, the district judge found that Abernathy and Michael Genovese III were free of negligence and that the sole and proximate cause of the accident was the gross negligence of Frank Chaney.
Judgment was rendered in favor of plaintiffs and against the estate of Frank Chaney. The suit was dismissed as to Abernathy, his employer, V. J. Tovatt, and Tovatt's insurer, American Fidelity and Casualty Company. From this judgment, plaintiffs appealed to this court.
The facts of the case disclose that Abernathy was driving a truck with trailer attached in a westerly direction in the north or west bound traffic lane of U. S. Highway 190 shortly before the accident in the instant case; that approaching him were a number of vehicles traveling east, or in the south lane of traffic, and the first three vehicles were being driven by Chaney, Genovese and Kuhn. Chaney was in the lead car followed by Genovese, who was followed by Kuhn; that suddenly the Chaney car was driven in the north lane of traffic and collided with the truck driven by Abernathy. Abernathy attempted to avoid the accident by driving on the north shoulder of the road and applied his brakes. Because of the impact with the Chaney car, the drive wheels were sheared from the truck, the drive shaft was torn therefrom, the left front tandem wheel on the trailer was torn loose and pushed to rear where it locked with the left rear wheel of the trailer. The truck had no power because the drive shaft had been torn and the driver had no control over the vehicle. The truck trailer then turned over and a portion thereof fell on top of the Genovese car.
The evidence discloses that at the point of the collision and for some distance in either direction, the highway was straight; there was no fog or rain at the time of the accident; all of the lights on the vehicles were burning and all of the brakes were in good working condition.
Plaintiffs contend that they should recover from defendant Abernathy and his insurer for the reason that prior to the accident the Chaney vehicle was weaving on the highway and that Abernathy saw or should have seen the maneuvers made by the Chaney car, should have slowed his truck and had his truck and trailer under better control.
Abernathy and his co-driver, Anthony B. Arrek, both testified that Abernathy was driving his truck at approximately 45 miles per hour when without warning Chaney drove his car into the wrong lane of traffic and struck the truck being driven by Abernathy.
This is corroborated by the testimony of the state trooper who examined the accident. Lee R. Ardoin, a witness for the plaintiffs, testified that the truck traveled from between 75 to 100 feet from the point of the collision. If Abernathy had been speeding, as contended by plaintiffs, the truck would have traveled a much farther distance, considering the size and weight of said vehicle.
Houston Kuhn testified on behalf of plaintiffs. He was following the Genovese and Chaney cars at the time of the accident. He stated that Abernathy did everything he could to avoid the accident. He also said that while the Chaney car was weaving on the curves, he did not notice it weaving very much when the highway was straight.
Mr. Charles Dore testified on behalf of plaintiffs. He testified that the drive wheels were sheared from the truck, the drive shaft was torn therefrom, the left front tandem wheel on the trailer was torn loose and pushed to the rear where it locked with the left rear wheel of the trailer; that the truck had no power because the drive shaft had been torn and the driver had no control over the vehicle.
*805 After examining all of the evidence in this case, this Court is convinced that the holding by the trial judge that Abernathy was not negligent was correct. He acted in the face of a sudden emergency caused by Chaney's driving his car in Abernathy's lane and did what any prudent man would have done under similar circumstances.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiffs are to pay all costs of this appeal.
Affirmed.

On Application for Rehearing
En Banc.
PER CURIAM.
The opinion in this court was rendered on December 11, 1961 and deposited in the United States mail the same day. An application for rehearing by the plaintiffs-appellants was mailed from Opelousas on December 26, 1961 and was received by and filed in this court on December 27, 1961.
Applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of deposit in the United States mail. Rule XI, Section 1, Uniform Rules of the Courts of Appeal (1960), 8 LSA-R.S. See Harper v. Borden Company, La.App. 3 Cir., 129 So.2d 330, 337; Bailey v. Haymon, La. App. 3 Cir., 129 So.2d 203, 205. For purposes of considering the timeliness of the application for rehearing, the date of filing is the date that such applications are physically delivered into actual custody of this court, not the date of mailing. McGee v. Southern Farm Bureau Cas. Ins. Co., La. App. 3 Cir., 125 So.2d 787, 790, certiorari denied. See also American Bank & Trust Company v. Phillips, La.App. 3 Cir., 130 So.2d 753.
Our opinion was deposited in the mail on December 11, 1961, and the fourteenth calendar day thereafter was December 25. Since, as Christmas, this is a legal holiday, LSA-R.S. 1:55, the delay for filing the rehearing was extended through the next day which was not a legal holiday, LSA-R.S. 13:4446. See Guarisco Construction Company v. Talley, La. App. 3 Cir., 126 So.2d 793, 797. Thus, the application for rehearing was required to be filed in this court no later than December 26, so that its filing on December 27th, i.e., one day later, is not timely.
For the foregoing reasons the instant application for rehearing cannot be considered by this court.
Application not considered.