137 So.2d 706 (1962)
Lloyd J. LEWIS et al., Plaintiffs and Appellants,
v.
Henry BELL et al., Defendants and Appellees.
No. 473.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1962.
Application for Rehearing Not Considered February 21, 1962.
Emile A. Carmouche, Jr., and Hugh E. Brunson, Crowley, for plaintiff-appellant.
Collings & Hunt, by Robert L. Collings, Lake Charles, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This suit was filed to enjoin a sale of land at public auction (for purposes of partition by licitation) and to annul on equitable grounds the judgment ordering said sale. A temporary restraining order, obtained by *707 plaintiffs, expired after ten days, without any attempt on the part of plaintiffs to obtain a preliminary or permanent injunction, and consequently the property was sold at said partition sale. Thereafter, one of the defendants filed exceptions of no cause or right of action and res judicata. The exception of res judicata was overruled but the exception of no cause of action was sustained and plaintiff's suit dismissed. From said judgment plaintiffs have prosecuted this appeal.
In the instant suit, bearing Number C-190-58 on the docket of the Thirty-first Judicial District Court, our learned brother below rendered well considered written reasons, as set out below, which we adopt as our own:
"This suit is before the court at this time on exceptions of no cause and no right of action and of res judicata. This suit was filed on June 7, 1958, and at the time the suit was filed a temporary restraining order was issued prohibiting a partition sale which had been ordered in Suit No. 9302 on the docket of this court, which suit had involved all of the named plaintiffs and defendants in Suit No. C-190-58. The temporary restraining order expired without any attempt on the part of the plaintiff to obtain a preliminary or permanent injunction and the property was later sold at partition sale. The plaintiffs expressly requested the Clerk of Court not to serve any of the named defendants in Suit No. C-190-58. To this date, September 28, 1960, the plaintiffs in Suit No. C-190-58 have requested that no service be made on the named defendants. One of the named defendants in this suit accepted service of process on June 8, 1960, and on the same day filed the exceptions which are here at issue.
"The purpose of the suit is to annul and set aside the judgments signed in open court at Jennings, Louisiana, on June 29, 1956. Both judgments decree that the property sought to be partitioned is not divisible in kind and ordered a partition. One judgment is a judgment by default against one defendant, namely Columbus Cole. The other judgment is a judgment against all other named defendants in the Suit No. 9302. Both judgments fixed the respective interests of all the named parties to the suit.
"No appeal was made from the judgments dated June 29, 1956, and the judgments are now final as to all parties.
"Unquestionably, the judgment in Suit No. 9302 must be maintained unless plaintiff has plead sufficient basis for an act of nullity under Article 607 of the Louisiana Code of Practice. This Article reads as follows:
"`A definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or other ill practices on the part of the party in whose favor it was rendered; as if he had obtained the same by bribing the judge or the witnesses, or by producing forged documents, or by denying having received the payment of a sum, the receipt of which the defendant had lost or could not find at the time, but has found since the rendering of the judgment.'
"Plaintiffs' counsel argues in his brief as follows:
"`The Louisiana Supreme Court, in construing the meaning and reach of C. P. Article 607, has consistently emphasized that the remedy given by this article is not restrictive, and has unequivocally approved the rule that our courts will not hesitate to grant relief when, among other things, the enforcement of the judgment would be unconscientious and inequitable. It is THIS EQUITABLE PRINCIPLE of our law, we desire to especially request that you most seriously consider. Succession of Gilmore, [157 La. 130] 102 So. 94; Alonso v. Bowers, [222 La. 1093] 64 So.2d 443; and, Mattie Mae Cole Wilkinson v. Ben Wilkinson, [La.App.] 79 So.2d 107.

*708 "`In the Alonso v. Bowers case, supra, the Supreme Court very pointedly stated that "The Courts have looked at each case with a purely equitable viewpoint to ascertain whether allowing the judgment to stand would be unequitable or unconscionable * * *". Paragraphs 1 and 2, at page 444, 64 So. 2d. In this case the Supreme Court approved and reaffirmed the decision of the Court of the Succession of Gilmore, supra.
"`In the Succession of Gilmore, supra, the Supreme Court observed:
"`"It is true that said petition does not charge `fraud' or the ill practices specifically enumerated in the article of the Code of Practice above cited. The remedy given by said article to annul the judgments, however, is not restrictive. The Courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our Courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. Lazarus v. McGuirk, 42 La.Ann. [194] 200, 8 So. 253; City of New Orleans v. Le Bourgeois, 50 La.Ann. 592, 23 So. 542. (emphasis added by plaintiff's counsel)"'
"Throughout plaintiffs' petition in Suit No. C-190-58 he makes numerous allegations concerning a judgment rendered by this court on April 2, 1956, and another judgment rendered by this court on June 20, 1956. Both of these `judgments' are opinions of this court which are in no way to be considered as final judgments. The only judgments signed by this court were the two judgments dated June 29, 1956. The reason that the opinion of June 20, 1956 differs from that of April 2, 1956 is that different owners had been discovered in the interim period.
"On September 30, 1957 the plaintiffs in Suit No. 9302, alleging that they had discovered additional owners, attempted to file a supplementary and amended petition bringing in other owners. The newly discovered owners excepted to this petition on the grounds that the June 29, 1956 judgments were final and could not be disturbed. This exception was sustained and had the effect of maintaining the June 29, 1956 judgments. This did not have the effect, as alleged by plaintiffs in this suit, of annulling or renouncing the judgments of June 29, 1956.
"The plaintiffs to this suit were parties to Suit No. 9302. They had their day in court. They knew that judgment was rendered. They did not make any appeal within the delays allowed by law. They do not allege fraud or other ill practices on the part of the plaintiffs in Suit No. 9302. Neither does it appear to this court that the enforcement of the judgment is unconscionable and inequitable. I thoroughly agree that it would be much more desirable to have all of the property owners brought before the court and their interest property determined before the property is partitioned by licitation. But our law does not require that all co-owners be joined in order to make the partition by licitation binding on those co-owners who are parties to the suit. LSA-R.S. 13:4985 reads as follows:
"`Where real property is partitioned, either in kind or by licitation, by either judicial or conventional partition the fact that one or more co-owners are not parties thereto shall not affect the validity of such partition as to the co-owners who are parties thereto or their heirs or assigns; provided that the rights of any co-owner not a party to such partition shall not be affected thereby and the interest of such co-owner in the property partitioned shall remain the same as if the property had *709 been partitioned. Acts 1952. No. 403, § 1."
"To hold that where co-owners are not joined the judgment is subject to attack under Code of Practice Article 607 because it it unconscionable and inequitable, would be holding that R.S. 13:4985 does not have any effect."
For the reasons assigned the judgment appealed from is affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
Affirmed.

On Application for Rehearing
En Banc.
PER CURIAM.
The opinion in this court was rendered on January 29th, 1962 and deposited in the United States mail the same day.
A return receipt shows that it was received by counsel for plaintiffs-appellants on the following day, January 30th. An application for rehearing by the plaintiffs-appellants was mailed from Crowley on February 13th, 1962 and was received by and filed in this court on February 14th, 1962.
Applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of deposit in the United States mail. Rule XI, Section 1, Uniform Rules of the Courts of Appeal (1961), 8 LSA-R.S. See: Interstate Oil Pipe Line Company v. Friedman, La.App. 3 Cir., 137 So.2d 700; Genovese v. Abernathy, La.App. 3 Cir., 135 So.2d 802; American Bank & Trust Company v. Phillips, La.App. 3 Cir., 130 So.2d 753; Harper v. Borden Company, La.App. 3 Cir., 129 So. 2d 330; Bailey v. Haymon, La.App. 3 Cir., 129 So.2d 203. Under the Uniform Rules, as now permitted by Art. VII, Section 24, LSA-Constitution, the delay for filing the application for rehearing commences on the date of mailing by the court and not of receipt by counsel. See: Robertson v. Great American Indemnity Company, La.App. 3 Cir., 136 So.2d 550; "Proceedings in appellate courts", 35 Tulane Law Review 585 (1961). For purposes of considering the timeliness of the application for rehearing, however, the date of filing is the date that such applications are physically delivered into actual custody of this court, not the date of mailing. Guarisco Construction Company v. Talley, La.App. 3 Cir., 126 So. 2d 793; McGee v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 125 So.2d 787, certiorari denied.
Our opinion was delivered by deposit in the mail on January 29th, 1962, and the fourteenth calendar day thereafter was February 12th, 1962. Thus, the application for rehearing was required to be filed in this court no later than February 12th, 1962; so that its filing on February 14th, two days later, is not timely.
For the foregoing reasons, the instant application for rehearing cannot be considered by this court.
Application not considered.