137 So.2d 709 (1962)
Warren P. HULIN et ux., Plaintiffs-Appellants,
v.
Widney R. HALE, Defendant-Appellee.
No. 448.
Court of Appeal of Louisiana, Third Circuit.
January 29, 1962.
Application for Rehearing Not Considered February 21, 1962.
*711 Marion W. Groner, New Iberia, for plaintiffs-appellants.
Eugene D. Broussard, New Iberia, for defendant-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
This is a boundary action. By their appeal, the plaintiffs contend that the trial court fixed the boundary erroneously between the adjacent tracts owned by the plaintiffs and the defendant. (This court has previously disposed of a dispute over a drainage servitude between these same neighbors. Hale v. Hulin, La.App. 3 Cir., 130 So.2d 519.)
The principal issue of the present appeal concerns whether the defendant's western boundary is to be fixed along the edge of a private road existing at the time of his purchase of the property in 1938 (which will give him a front of 265.9 feet along U. S. Highway 90), or whether, instead, such boundary should be fixed so as to give him no more than a 200 foot front on the public highway. Resolution of this question chiefly requires the determination of whether (as the trial court held) the defendant's acquisition was by a per aversionem sale, thus including all the land from one fixed boundary to another; or whether instead (as appellants contend) it was a sale of a tract measuring exactly 200 feet front on the highway, by a specified depth.
In 1938 the common ancestor in title of all parties hereto had sold to the defendant, through a homestead association, the southeastern corner of a 13-arpent tract owned by the seller. The description of the land sold was a tract "having a front of two hundred (200) feet, more or less, on the north side of [U. S. Highway 90] * * *, by a depth between parallel lines of five hundred seventy-six (576) feet, and being bounded on the south by said [Highway 90] * * *, in the rear or on the north by the property of vendor, Edwin R. Hale, on the east by lands of I. Bailey, and on the West by a Private Road, running through the property of Edwin R. Hale [vendor], from said Public Road on the south, back to the Spanish Lake on the north." (Italics ours.)
In 1939, the year after the sale to the defendant, the common ancestor then sold the remainder of the 13-arpent tract to C. Arthur Provost, who in 1948 sold it by the same description to the present plaintiffs. As excepted from the sale of the 13-arpent tract, these deeds described the lot previously sold to the present defendant in terms essentially the same as that by which the present defendant had acquired it (e. g., as bounded west by the public road), although the defendant's lot excepted from the second sale was described also as having a front of only "two hundred feet"not "more or less", as in the deed by which the defendant himself had acquired it from the common ancestor. (If such variance be regarded as material, nevertheless it could not limit the defendant's previous acquisition from the common ancestor of a greater amount, since, when persons acquire "from one common proprietor, the preference shall be given to him whose title is of the most ancient date," LSA-Civil Code Article 847.)
The trial court fixed the defendant Hale's western boundary as his old western fence *712 line, which gave the defendant Hale a front of 265.9 feet on the highway, instead of the merely 200 feet which the plaintiffs Hulin contended should be the correct location of this boundary line. The overwhelming and virtually uncontradicted testimony shows that this fence was situated along the eastern edge of the only private road through the common ancestor's tract at the time of the defendant Hale's acquisition in 1938. Hale had built this fence a year or so after his acquisition, without protest from the plaintiffs' predecessor in title, and it had been maintained at this location at least twenty years before the plaintiffs had torn it down shortly before the present suit.
At the time of the 1938 deed, this private road was the only entrance to a residence situated far back in the original seller's field. Although, due to the construction of another entranceway, the old private road was abandoned during the 1940's, the lay witnesses nevertheless without difficulty identified its former location as on a still-existing turnrow or headland, and as leading from an old ramp over the highway ditch and along Hale's continuously maintained western fence. All three surveyors agreed on the location and existence of this old turnrow, as well as on that of the Hale fence line.
Reverting to the above-quoted description in the defendant Hale's deed of acquisition, we have little difficulty in agreeing with the trial court's determination that Hale's acquisition constituted a per aversionem sale (also denoted as a sale by metes and bounds), that is, a sale including all the land between the boundaries describednamely, between Bailey's tract on the east and the private road on the west. "If any one sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, * * *." LSA-C.C. art. 854; see also LSA-C.C. art. 2495.
A sale of land described by fixed boundaries on three sides and as bounded by the vendor on the fourth is nevertheless a per aversionem sale. Standard Oil Co. of Louisiana v. Futral, 204 La. 215, 15 So.2d 65 (syllabus 12). Also, a sale by fixed boundaries is a per aversionem sale, even though measurements or quantities are also given; the boundaries given then control over the enumeration of measurements or quantities; and the sale thus conveys all of the property found between the boundaries given. Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392 (syllabus 21); Texas Company v. O'Meara, 228 La. 474, 82 So.2d 769 (syllabus 7); Ryan v. Laprairie, La. App. 2 Cir., 84 So.2d 854; Wiggs v. Warren Realty Co., La.App.Orleans, 84 So.2d 737.
The deed by which the defendant Hale acquired manifests, in our opinion, the unambiguous intent of the parties that Hale acquired between the fixed bounds of the Bailey fence and the old private road, rather than merely a 200 foot front on the highway. But, if the intent from the face of the deed be regarded as ambiguous so as to admit of extraneous evidence to explain such intent, any ambiguity in the deed must be construed against the original vendor (the common ancestor) and in favor of the defendant Hale (the purchaser, through the homestead association, from the common ancestor). LSA-C.C. art. 2474. In this connection also, the construction given to the deed by the parties to it and by those who succeeded them in title manifests, during the over twenty years between the original sale and the present suit, a practical construction showing the original intent to be that the defendant Hale had acquired up to the old private road. LSA-C.C. art. 1956.
Assuming that the intent of the deed is ambiguous, to prove that only a 200 front was intended to be sold, the plaintiffs rely upon an unauthenticated sketch found in the files of the financing agency as of the time of the original sale. This sketch
*713 *714 shows the road to be 200 feet from the east line. There is no evidence whatsoever as to by whom or when this sketch was prepared; but, even if it were admissible, such sketch only indicates that at the time of the original sale the parties believed that the west-bounding road was only 200 feet west of the Bailey tract; it does not negate the parties' expressed intention to sell all the land up to such roadway, no matter what its actual distance from the Bailey tract was.
Plaintiffs' able counsel also argues that the road should be disregarded as a boundary because, if it is allowed to control, then we must disregard other calls specifically, the 200-foot front called for, and the eastern and western lines of the tract as being "parallel". The former is a "distance" and the latter is a "course"; it is well settled that, in the absence of clear contrary intent, such calls must yield to the call for a fixed boundary represented by an artificial monument such as a road. See Carlisle v. Graves, La.App. 2 Cir., 64 So.2d 456, 461: "In the determination of boundary lines it has been asserted that the law recognizes certain guides which are fixed in order of their importance as being (1) natural monuments; (2) artificial monuments; (3) distances; (4) courses, and (5) quantity. Aucoin v. Marcel [La.App. 1 Cir., 38 So.2d 81], supra; Meyer v. Comegys, 147 La. 851, 87 So. 307; Dufrene v. Bernstein, 190 La. 66, 181 So. 859."
Likewise, we find to be inapplicable, under the facts of the present case, jurisprudence cited to us to the effect that monuments cannot be used to vary courses or distances unambiguously set forth by a recorded conveyance, or to the effect that under some circumstances the road in question, due to its shifting and uncertain course, has been held not to be a monument marking the boundary between two estates, or to the effect that mere acquiescence in a fence line by an adjacent proprietor does not in itself constitute proof that it is the accepted boundary between the estates.
We therefore affirm the trial court's determination that the defendant Hale's western boundary should be fixed as on the old fence line, which he had constructed on the eastern edge of the former private road soon after his acquisition. Our trial brother had fixed this boundary in accordance with the Munson survey of March 6, 1959 (P-17); by their appeal, the plaintiffs alternatively request that, instead, the boundary be fixed in accordance with the plat of the court-appointed surveyor, Fenstermaker, dated May 4, 1960. The disputed boundary is shown identically by both surveys; but the later survey, prepared specifically for the present suit, includes a little more detail as to courses and distances. The defendant-appellee has no objection to this amendment. We will therefore amend the decree accordingly.
We further find no error in the trial court's award of $250 to the defendant for the proven cost of replacing the bounding fence destroyed by the plaintiffs; nor in its taxing the cost of this boundary jointly to both parties, LSA-C.C. art. 663. In brief, the appellee suggests that the plaintiffs alone should be taxed with the cost of these proceedings, since the dispute was precipitated by their unreasonable and stubborn refusal to abide by settled boundaries (see, e. g., James v. LeBlanc, La.App. 1 Cir., 95 So.2d 175); but it is unnecessary to discuss this question, since the appellee neither appealed nor answered the appeal, and the decree therefore cannot be altered in his favor.
For the foregoing reasons, the judgment appealed from is amended so as to fix the defendant Hale's western boundary line to show it as the fence line (AB) in accordance with the plat of survey dated May 4, 1960, by C. Howard Fenstermaker and introduced into evidence as D-3, a copy of which is attached hereto and paraphed "Ne Varietur" this date (January 29, 1962); as thus amended, the trial court judgment is affirmed in all other respects.
*715 The costs of this appeal are assessed against the plaintiffs-appellants.
Amended and affirmed.

On Application for Rehearing En Banc.
PER CURIAM.
The opinion in this court was rendered on January 29, 1962 and deposited in the United States mail the same day.
A return receipt shows that it was received by counsel for the plaintiffs-appellants on January 30, 1962, the following day. An application for rehearing by the plaintiffs-appellants was mailed from New Iberia on February 12, 1962 and was received by and filed in this court on February 13, 1962.
Applications for rehearing must be filed on or before the fourteenth calendar day after, but not including, the date of deposit in the United States mail. Rule XI, Section 1, Uniform Rules of the Courts of Appeal (1961), 8 LSA-R.S. See: Genovese v. Abernathy, La.App. 3 Cir., 135 So. 2d 802; American Bank & Trust Company v. Phillips, La.App. 3 Cir., 130 So.2d 753; Harper v. Borden Company, La.App. 3 Cir., 129 So.2d 330, 337; Bailey v. Haymon, La. App. 3 Cir., 129 So.2d 203, 205. The delay for filing the application for rehearing, however, commences on the date of mailing by the Court and not of receipt by counsel, this being one of the more noteworthy changes in appellate practice resulting from the adoption of the Uniform Rules of the Courts of Appeal and from the revision of Article VII, Section 24, LSA-Constitution, in connection with the constitutional reorganization of the Louisiana Appellate Courts. See: Robertson v. Great American Indemnity Company, La.App. 3 Cir., 136 So.2d 550; Proceedings in appellate courts, 35 Tulane Law Review 585 (1961). For purposes of considering the timeliness of the application for rehearing, however, the date of filing is the date that such applications are physically delivered into actual custody of this court, not the date of mailing. Guarisco Construction Company v. Talley, La.App. 3 Cir., 126 So.2d 793, 797; McGee v. Southern Farm Bureau Cas. Ins. Co., La.App. 3 Cir., 125 So.2d 787, 790, certiorari denied.
Our opinion was deposited in the mail on January 29th, 1962, and the fourteenth calendar day thereafter was February 12th, 1962. Thus, the application for rehearing was required to be filed in this court no later than February 12, 1962; so that its filing on February 13th, one day later, is not timely.
The last day of the delay within which the application for rehearing was required to be filed fell on February 12th, which, as Lincoln's Birthday, is recognized as a legal holiday in many states of the Union. If it were so recognized in this state, then the delay for filing the rehearing is extended through the next day which is not a legal holiday. LSA-R.S. 13:4446, subd. C. However, February 12th is not recognized as a legal holiday in Louisiana, LSA-R.S. 1:55, and thus the delay was not extended through the following day.
For the foregoing reasons, the instant application for rehearing cannot be considered by this court.
Application not considered.