GUIDRY, Judge.
Plaintiffs filed this suit seeking a judicial partition by licitation of property situated in the Parish of Rapides described as Lots 1 and 2 of the Jodie M. Brodnax Estate located in the N/2 of NE/4 of NW/4 Section 31, Township 2 North, Range 3 West, alleged to be owned 45Aaths by plaintiffs and Visth each by Kathleen Brodnax Williamson, Jo Ellen Brodnax Johnson and Clara Brodnax Lew-ing. Defendants filed exceptions of prematurity, vagueness, non-joinder of a necessary party, no cause of action and non-join-der of indispensable parties. The exception of vagueness was sustained however, all other exceptions were overruled. Plaintiffs thereafter amended their petition in order to comply with the trial court’s ruling on the exception of vagueness and defendants filed answer generally denying the allegations of plaintiffs’ petition. When the matter was called for trial on its merits, presumably with the trial court’s acquiesence, defendants re-filed and re-urged their exception of non-joinder of indispensable parties. On this occasion the trial court, for written reasons assigned, sustained the exception and ordered a dismissal of plaintiffs’ suit.[1] Plaintiffs appeal.
The facts giving rise to the instant controversy and necessary for a decision of the issues presented on appeal are not in dispute.
Jodie Brodnax and Nannie Brodnax died owners of two tracts of land, a twenty acre tract of land located in Section 31, T. 2 N., R. 3 W., and a 30 acre tract of land located in Section 9, T. 1 N., R. 4 W., Rapides Parish, Louisiana. In due course their ¡successions were opened and the heirs of Jodie and Nannie Brodnax were judicially recognized as owners and sent into possession of their estates including the two tracts of land. Thereafter, in the year 1979, all-heirs of Jodie and Nannie Brodnax, with the exception of the three named defendants, entered into a conventional partition in kind of both tracts of land. As a result of the partition referred to Archie Lee Brodnax received that portion of the 20 acre tract of land described as Lots 1 and 2 of the Jodie M. Brodnax Estate, as per survey of Barrett Gremillion dated August 6, 1968, the property here in controversy. Presumably, either before or following this conventional partition, plaintiffs built a home and other improvements on the property. In the latter part of the year 1979 plaintiffs instituted this suit against defendants seeking a partition by licitation of that portion of the 20 acre tract of land allotted to plaintiffs in the conventional partition and reimbursement for the enhancement in value of the property resulting from the improvements constructed thereon by plaintiffs.
From the record it appears that this matter was tried on its merits but the trial court did not reach the merits but rather, concluded that plaintiffs’ suit should be dismissed for lack of indispensable parties. In so concluding, the trial court opined as follows:
“The plaintiffs rely on L.S.A. — RS 18:4985, et seq. which reads as follows, to-wit:

‘Where real property is partitioned, either in kind or by licitation, by either judicial or conventional partition the fact that one or more coowners (sic) are not parties thereto shall not affect the validity of such partition as to the co-owners who are parties thereto or their heirs or assigns; provided that the rights of any co-owner not a party to such partition shall not be affected thereby and the interest of such co-owner in the property partitioned shall remain the same as if the property had not been partitioned. Acts 1952, No. 408, § 1. (Emphasis added)

The defendants argue that since they were not parties to the voluntary partition the plaintiff cannot partition Lot 1 
*76
and Lot 2 without partitioning the entire 20 acre tract. It is the contention of the defendants that they continue to be collectively, owners in indivisión of a aAsths interest in the entire twenty acre tract.

Whether the plaintiff can force a judicial partition of Lot 1 & Lot 2 will necessarily depend on the interpretation of the second phrase of L.S.A.-RS 18:4985, which reads as follows:

provided that the rights of any co-owner not a party to such partition shall not be affected thereby, and the interest of such co-owner in the property sh^_remajnthe_same_^Jfthe_prppz ertv had not been partitioned.’ (Emphasis Added)

The plaintiffs cite Llovd J. Lewis, et al. v. Henry Bell, et aL 137 So.2d 706 (3rd Cir., Jan. 29, 1962), for authority to further partition Lot 1 & Lot 2 of the twenty (20) acre tract. Lewis v. Bell, (supra) does not interpret the second phrase of RS 13:4985, but only finds that all co-owners do not have to be parties to a partition for it to be valid, between the parties to the partition. This applies to both judicial & conventional partitions.

The courts, however, have not interpreted the statute with respect to the rights of a co-owner not a party to the partition. Does the co-owner, not a party to the partition, retain his undivided interest in and to the entire acreage that was partitioned or does he now own an undivided interest in a number of small tracts of land? Do the defendants own an undivided aAs interest in the complete twenty (20) acres, or do they own 3As interest in a number of smaller lot size tracts of land?

If I were to declare the defendants to be co-owners in each of the several small tracts that the other co-owners have created I would in fact be adversely affecting their rights and their interest would not be the same. They would have a aAs ths interest in several contiguous (sic) tracts and not in the twenty (20) acre tract as a whole and this is exactly what is prohibited. The other co-owners are trying to force a partition in kind by private act and this cannot be done.

Accordingly plaintiffs (sic) suit is dismissed at their costs.”

Appellants urge that the trial court erred in failing to render judgment in favor of plaintiffs and in the alternative urge that it was error to dismiss the proceeding without allowing plaintiffs the opportunity to join other parties and/or amend the lawsuit to include additional property pursuant to the authority granted by LSA-C.C.P. Article 934.
We need not address appellants’ alternative specification of error as we conclude, for the reasons which follow, that the trial court erred in sustaining the exception of non-joinder of indispensable parties and dismissing plaintiffs’ suit.
As a result of the 1979 partition, which is admittedly valid as to all heirs of Jodie and Nannie Brodnax other than the defendants (LSA-R.S. 13:4985; Lewis et al. v. Bell et al., 137 So.2d 706 (La.App. 3rd Cir. 1962), plaintiffs acquired a 45/4sth interest in Lots 1 and 2 of the Jodie M. Brodnax Estate in exchange for their interest in the balance of the 20 acre tract. Defendants admittedly own the remaining 3/«ths interest in Lots 1 and 2, there being no other persons owning any interest in such property. Since co-ownership is the basis for the action of partition and since no one can be compelled to hold property with another (C.C. Articles 1289 and 1308) plaintiffs are vested with the absolute right to demand a partition of Lots 1 and 2 of the Jodie M. Brodnax Estate. This is what they have demanded in their petition for judicial partition. Further, there are no parties necessary or indispensable to a determination of this demand who are not parties to the action.
The trial judge clearly erred in concluding that plaintiffs cannot demand a partition of Lots 1 and 2 of the Jodie M. Brod-nax Estate without demanding a partition of the entire twenty acre tract because defendants continue to be collectively owners in indivisión of a %8ths interest in the entire twenty acre tract.
*77 Even if we concede, for purpose of argument only, that defendants retain theft undivided 3/48th interest in the 20 acre tract, this does not alter the fact that plaintiffs have no interest whatever in the balance of the 20 acre tract and have no right to demand a partition thereof. In fact under the admitted facts only defendants, be they owners of an undivided %8th interest in the 20 acre tract or owners of a like interest in several contiguous tracts, can demand a partition of the entire 20 acre tract. Such a demand is clearly not embodied in their demand for a dismissal of plaintiffs’ suit for non-joinder of indispensable parties.
We do not reach the issue as to the intent and meaning of LSA-R.S. 13:4985, insofar as it applies to co-owners not parties to a judicial or conventional partition, for assuming arguendo that its meaning is that attributed to it by the trial judge and defendants retain an undivided 3/4sths interest in the whole of the 20 acre tract as opposed to several contiguous tracts, the fact remains that this suit, in its present posture, is one for partition of Lots 1 and 2 of the Jodie M. Brodnax Estate; such property is owned in indivisión by plaintiffs and defendants with no others owning an interest therein; and, plaintiffs have an absolute right to demand a partition thereof.
For these reasons, we conclude that the trial court erred in sustaining the exception of non-joinder filed by defendants and dismissing plaintiffs’ suit.
Since this matter was not considered on its merits by the trial court, we believe that a remand is in order for further proceedings, with the opportunity being allowed all parties for the filing of any additional pleadings which they might wish to v file along with the right to introduce any additional evidence deemed necessary.
For the above and foregoing reasons the judgment of the trial court is reversed and set aside, defendants’ exception of non-join-der of indispensable parties is overruled and this matter is remanded to the trial court for further proceedings consistent with the views expressed.
REVERSED AND REMANDED.

. The record reflects that the exception of non-joinder first filed by defendants was. considered by District Judge Robert P. Jackson. The later re-filed exception was considered by District Judge Richard E. Lee.